## UNITED STATES v. LIEBERMAN et al.

(District Court, E. D. New York. October 19, 1925.)

Criminal law ⬤=274—That prosecuting attorney moved to nolle prosequi indictment of two defendants held not to entitle defendant jointly indicted, who had pleaded guilty, to leave to withdraw plea.

Prosecuting attorney's motion to nolle prosequi indictment of two defendants charged with conspiracy *held* not to entitle a third defendant, who had been jointly indicted and who pleaded guilty, to leave to withdraw his plea of guilty, or to be heard on government's motion as to his codefendants.

Max Lieberman and two others were jointly indicted for conspiracy, and Max Lieberman pleaded guilty. On motion for leave to withdraw plea of guilty, after prosecuting attorney had moved to nolle prosequi indictment as to other defendants. Motion denied.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Joseph M. Crooks, Asst. U. S. Atty.,

of Brooklyn, N. Y., of counsel), for the United States.

Bertha Rembaugh, of New York City, for defendants.

GARVIN, District Judge. Defendant Lieberman, with two other defendants, was indicted for conspiracy. He pleaded guilty. The other two defendants went to trial, and the jury disagreed. The United States attorney now moves to nolle prosequi the indictment as to the latter two defendants. Lieberman objects, claiming that the government cannot urge that these two defendants are innocent of conspiracy and yet accept Lieberman's plea of guilty and move sentence on him.

It does not follow that the government contends that these two defendants are innocent. The motion to dismiss may be made upon the ground that the evidence against them is weak, that material witnesses left, died, disappeared, or recanted, or that various other considerations have arisen which make further prosecution contrary to the best interests of justice. This defendant urges that he cannot be guilty of conspiracy if his two codefendants are not found guilty also, citing United States v. Hamilton, Fed. Cas. No. 15,288; but that case is direct authority for the proposition that a defendant, A., who is indicted for conspiracy with B., C., and various other persons to the grand jury unknown (as in the case at bar), may be convicted, while B. and C. are acquitted. The court holds in the Hamilton Case, supra:

"Under the counts which charge the defendants with conspiring together, if one be acquitted, the other also must be acquitted, though he be guilty of doing the act charged. But under those counts which charged them with conspiring with persons to the grand jurors unknown, if the evidence satisfies the jury, beyond a reasonable doubt, that, although the defendants may not have conspired together, yet if one of them did, in fact, with some third person, not named in the indictment, and unknown, to commit the offenses charged, and either one of such persons did any one of the overt acts charged, the defendant who so conspired may be found guilty."

The defendant Lieberman has pleaded guilty, and cannot be heard on the government's motion as to the other two defendants. That motion is granted.

An indictment duly charging a crime was filed against the defendant Lieberman. He duly pleaded guilty, and only now is for the first time registering a complaint. I cannot believe that he is not guilty; at most, he can be seeking to change his plea in order to escape the consequences of guilt, not because of his innocence, but because conditions have changed since his plea was entered, so that his conviction after trial might be difficult. His motion for leave to withdraw his plea of guilty is denied.