## BATES *v.* UNITED STATES.

No. 92.   Decided November 6, 1944.

*Messrs. Charles Bushnell Fullerton* and *Harold V. Snyder* were on the brief for petitioner.

*Solicitor General Fahy, Assistant Attorney General Tom C. Clark, Messrs. Robert S. Erdahl, W. Marvin Smith,* and *Miss Beatrice Rosenberg* were on the brief for the United States.

PER CURIAM.

Petitioner asks certiorari to review his conviction upon an indictment charging criminal conspiracy to commit several separate offenses.  The indictment charged petitioner, one Smith, and another (who was acquitted by the jury), and persons unknown, with a conspiracy to acquire gold bullion without a license in violation of § 4 of Executive Order 6260 (31 C. F. R. § 50.4); to earmark for export, and to export to Germany gold bullion without a license, both in violation of § 6 of the Order (31 C. F. R.

§ 50.6); and with conspiracy to commit two counterfeiting offenses.

At the trial the evidence showed that petitioner, who was interested in making a profit from the sale of gold, was introduced by an informer to one Schaetzel, a Government agent who posed as the owner of a gold mine, interested in disposing of gold. Petitioner told Schaetzel a story, conceded by the Government to be without foundation, to the effect that petitioner wished to procure gold for sale to Nazi agents in this country who proposed to transport it to Germany by submarine. Petitioner, who was in fact seeking other ways of disposing of gold, tried without success to negotiate with numerous dealers, some of whose names were suggested to petitioner by Smith on petitioner's promise to pay him a commission. When Schaetzel complained to petitioner of the delay in consummating the proposed arrangement with the supposed Nazi agents, petitioner induced Smith to pose as such to reassure Schaetzel.

On the verdict of the jury, finding petitioner and Smith guilty as charged by the indictment, the district court gave judgment against them. The Court of Appeals for the Seventh Circuit reversed the conviction of Smith but affirmed that of petitioner, 141 F. 2d 436, on the ground that the jury could have found that petitioner had conspired with unknown Nazi agents to export gold.

The Government, by its brief here, formally concedes that petitioner's conviction cannot be sustained on this ground. It admits that petitioner's story of his negotiations with Nazi agents was sham, as he testified at the trial, and as is shown by other evidence submitted to the jury and by the failure of the Government to produce evidence of contacts with Nazi agents although petitioner was under almost constant surveillance by government agents. The Government also concedes that it has no evidence and that there is none in the record to support peti-

tioner's conviction on any theory of a conspiracy to export gold. It in effect confesses that the affirmance on that ground is error. The Government also admits that the conviction cannot be supported on the counterfeiting charges.

But the Government argues that there is evidence in the record sufficient to sustain the conviction of petitioner and Smith of conspiracy to acquire gold without the prescribed license, notwithstanding the Government's failure to seek a review of the reversal of Smith's conviction. The district court's instructions to the jury are not included in the record on appeal. In this state of the record there can be no question that this charge of the indictment was not properly submitted to the jury.

On the Government's concession, which we accept, as to the charge of conspiracy to export gold and to commit counterfeiting offenses, the judgment of the Court of Appeals cannot be sustained. We do not consider the merits of the Government's contention that the conviction can be sustained on other grounds, since, in the circumstances of this case, we deem it more appropriate that the Court of Appeals consider that question in the first instance. Cf. *Manufacturers' Finance Co.* v. *McKey*, 294 U. S. 442, 453–454, and cases cited; *United States* v. *Malphurs*, 316 U. S. 1, 3.

The petition for writ of certiorari is granted, the judgment is vacated and the cause remanded to the Circuit Court of Appeals for further proceedings in conformity to this opinion.

*So ordered.*