## UNITED STATES v. BATES et al.

### No. 8436.

Circuit Court of Appeals, Seventh Circuit.

May 3, 1945.

---

Harold V. Snyder, of Chicago, Ill., for defendant-appellant Elbridge Gerry Bates.

Tom C. Clark, Asst. Atty. Gen., J. Albert Woll, U. S. Atty., of Chicago, Ill., and Robert S. Erdahl and William Strong, Attys., Department of Justice, both of Washington, D. C., for appellee.

Before EVANS, and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

The Supreme Court in Bates v. United States, 323 U.S. 15, 65 S.Ct. 15, in its review of our decision, United States v. Bates, 7 Cir., 141 F.2d 436, affirming Bates' conviction, stated that the Government had formally conceded that the conviction could not be sustained upon the ground that Bates had "conspired with unknown Nazi agents to export gold"; had failed "to produce evidence of contacts with Nazi agents" and had admitted that Bates' "story of his negotiations with Nazi agents was a sham." Therefore, said the court, the conviction of the charge of conspiracy to export gold "cannot be sustained." However, it left to us to determine whether "the conviction can be sustained on other grounds." The Government now contends that the judgment should be affirmed "on the theory," that Bates "conspired with Smith to acquire gold without the prescribed license."

The Government is in error in its assertion that this court, in affirming Bates' conviction, restricted the indictment to a charge merely of conspiracy to export gold without a license. On the contrary, we pointed out specifically that the indictment charged, as the Government contended, conspiracy (a) to acquire gold bullion; (b) to earmark it for export to enemy countries; (c) to export it to Germany, all without license; (d) to counterfeit coins; and (e) to have possession of dies for such counterfeiting. Indeed, we considered and denied appellants' contention that the indictment was fatally defective in charging one conspiracy to violate various sections of the statute and of the executive orders. We considered carefully all the evidence and its qualitative character as supporting a conviction of conspiracy to do each and all of the things charged and concluded that it would support a conviction only of a conspiracy to export gold to Nazi agents. On that ground alone we affirmed. The Government having now conceded that the judgment can not be sustained on that ground, in view of the Supreme Court's decision, there being entire lack of evidence to sustain it upon any other averment of the indictment, it must be reversed.

Brief reference to the evidence will suffice to demonstrate that there was no proof of conspiracy to acquire gold without a license. Bates never sought to acquire gold; he endeavored, at the most, only to find a purchaser at a price which would produce for him a commission as a broker. He had no gold and intended to procure none. As a potential broker, he tried to interest known gold dealers,—Smith, a collaborator, who was to share in the commission, and Reed and Behrens, both licensed dealers,—and was unable to prevail upon them to buy the gold he claimed his principal could deliver. There is no evidence that he ever contemplated any relationship with regard to the subject matter other than that of a broker arranging a sale with a licensed buyer. Such a record will not sustain a conviction of conspiracy to acquire gold without a license.

Judgment reversed.