Argued November 19; reargued November 26, 1946; reversed
February 11, 1947

# *HUST *v.* MOORE-McCORMACK LINES, Inc.

(177 P. (2d) 429)

---

*See also, 176 Or. 662, 158 P. (2d) 275; 328 U. S. 707, 66 S. Ct. 1218, 90 L. Ed. 1534.

410

*Erskine Wood,* of Portland (Wood, Matthiessen & Wood and Lofton L. Tatum, of Portland, on brief), for appellant.

*Edwin D. Hicks* and *B. A. Green,* of Portland (Green & Landye and Edwin D. Hicks, of Portland, on brief), for respondent.

LUSK, J.

This case is here for the second time. It was an action under § 33 of the Merchant Marine Act of 1920, 46 U. S. C. A., § 688, commonly known as the Jones Act, brought by a seaman to recover damages for personal injury sustained by him while engaged in

the performance of his duties on a government owned vessel. In the Circuit Court the plaintiff was awarded a verdict by the jury of $35,000.00. Motions of the defendant for judgment *non obstante veredicto* and for a new trial, the latter on the ground of excessive damages, were denied. The defendant appealed from the judgment to this court, assigning as error the Circuit Court's denial of its motions for a directed verdict and for judgment *non obstante veredicto,* and its refusal to order a new trial or to require plaintiff to file a remittitur in lieu thereof.

The first two assignments of error went to the heart of the plaintiff's action. The first asserted that the plaintiff could not maintain the action because he was not in the employ of the defendant; the second that there was no evidence connecting the defendant with the cause of the injury, since, it was said, all the possible causes were the responsibility of the master of the vessel, ''an agent and employee of the United States''.

This court, being of the opinion that the contentions of the defendant just stated were sound in law and that, therefore, the action was not authorized by the Jones Act, reversed the judgment and remanded the cause to the Circuit Court with directions to enter judgment for the defendant. *Hust v. Moore-McCormack Lines,* 176 Or. 662, 158 P. (2d) 275. We did not, of course, pass on the question of excessive damages.

The Supreme Court of the United States granted certiorari, held that the plaintiff was an employee of the defendant, reversed our judgment, and remanded the cause ''for further proceedings not inconsistent with this opinion.'' *Hust v. Moore-McCormack Lines, Inc.,* 328 U. S. 707, 66 S. Ct. 1218, 90 L. Ed. 1534.

Thereafter, the defendant filed a motion in this

court for a further hearing and argument, (1) upon the question raised by the second assignment of error made by the defendant in its brief in this court, (2) upon the question of excessive damages. In response to this motion plaintiff filed a motion praying that the mandate of the Supreme Court be certified to the Circuit Court for Multnomah County for reinstatement of the judgment entered upon the unanimous verdict of the jury. These motions were filed, it should be observed, subsequent to October 21, 1946, when the Supreme Court of the United States denied defendant's petition for a rehearing.

■ We ordered reargument of the single question of excessive damages. We were and are of the view that, while the opinion of the Supreme Court of the United States does not expressly discuss the relationship of the master of the vessel to the defendant and the defendant's responsibility for his negligence, the necessary effect of the decision is to foreclose that question, for, if, in the opinion of that court, the defendant was not responsible for the negligent acts of the master resulting in injury to the plaintiff, then this court was right in holding that a verdict should have been directed for the defendant and our judgment should not have been reversed. In other words, the Supreme Court could not have rendered the decision that it did had it not considered the position of the defendant in this regard untenable. And a careful reading of the opinion convinces us that, so far as any question involved in this case is concerned, the Supreme Court of the United States thought and intended to hold that the master of the vessel was an employee of the defendant no less than the plaintiff or any other member of the crew.

■ But the question raised by the assignment of error based on the overruling of the motion for a new trial is on different ground. That question has not been passed on either by this court or the Supreme Court of the United States. Its determination either way would not be inconsistent with the opinion of that court. The defendant's right to a consideration of it now may not justly be said to have been lost because this court—mistakenly as it has now been authoritatively decided—held that the defendant was not liable at all. Counsel have cited no authorities on the question. From our examination of the decisions of the Supreme Court of the United States we are led to conclude that plaintiff's motion to remand the cause with directions to reinstate the judgment was properly denied. Thus, in *United States v. Beach,* 324 U. S. 193, 89 L. ed. 865, 65 S. Ct. 602, the court found that the Circuit Court of Appeals had erred in setting aside a conviction upon one of several grounds of reversal urged, and, in reversing the judgment of that court, said:

"As the Court of Appeals did not pass upon other grounds for reversal urged by respondent, the case is remanded to it for further proceedings not inconsistent with this opinion. Bates v. United States, 323 U. S. 15, 17, ante, 13, 14, 65 S. Ct. 15, and cases cited." (89 L. ed. 865)

See, also, *Ashcraft v. Tennessee,* 327 U. S. 274, 66 S. Ct. 544, 90 L. ed. 667, Note 1; *Ashcraft v. Tennessee,* 322 U. S. 143, 88 L. ed. 1192, 64 S. Ct. 921; *Indiana ex rel. Anderson v. Brand,* 303 U. S. 95, 82 L. ed. 685, 695, 58 S. Ct. 443, 113 A.L.R. 1482; *Tunstall v. Brotherhood,* 323 U. S. 210, 89 L. ed. 187, 65 S. Ct. 235; *United States v. Beach,* supra; *Natural Milk Producers Association v. San Francisco,* 317 U. S. 423, 87 L. ed. 375, 63 S. Ct.

359. The fact that the opinion of the Supreme Court in the instant case did not specifically call attention to other grounds of reversal urged in this court and not passed upon, is not material, as the Ashcraft cases show. Besides, the Supreme Court indicated in a marginal note, to which more particular attention will be called later, that the question of excessive damages was still open for determination in the courts of this state. See, 90 L. ed. 1222, Note 9.

We come, therefore, to a consideration of the defendant's assignment of error based on the Circuit Court's denial of its motion to set aside the verdict and grant a new trial.

■ Counsel are apparently agreed, and it is undoubtedly the law, that, since we are dealing with the enforcement of an act of Congress, this court is governed as to matters of substantive right by the decisions of the federal courts. *Chicago, M. & St. P. Ry. Co. v. Coogan,* 271 U. S. 472, 70 L. ed. 1041, 46 S. Ct. 564; *McCauley v. Pacific Atlantic Steamship Co.,* 167 Or. 80, 89, 115 P. (2d) 307; *Lieflander v. States Steamship Co.,* 149 Or. 605, 610, 42 P. (2d) 156; *Christie v. Great Northern Ry. Co.,* 142 Or. 321, 337, 20 P. (2d) 377; *Hopkins v. Spokane P. & S. Ry. Co.,* 137 Or. 287, 300, 298 P. 914, 2 P. (2d) 1105; and other cases reviewed below. But, where the question is purely procedural, the state may apply its own law. *Central Vermont R. Co. v. White,* 238 U. S. 507, 59 L. ed. 1433, 35 S. Ct. 865, Ann. Cas. 1916B 252; Restatement, Conflict of Laws, § 585.

Counsel for the defendant contend that the question is procedural and that this court is authorized by Art. VII, § 3, of the Oregon Constitution, to reduce an excessive verdict. Their reliance is upon *Wychgel v.*

*States Steamship Co.,* 135 Or. 475, 496, 296 P. 863. Counsel for the plaintiff, on the other hand, urge that the controlling rule is that which prevails in the federal courts, namely, that the only tribunal which may grant a new trial in a case of this kind for excessive damages either generally or as an alternative to the acceptance by the plaintiff of a lesser amount fixed by the court is the trial court, and that the decision of that court presents no question for review upon appeal. In support of their position counsel cite a number of federal decisions to which attention will be called later in this opinion.

We will consider first the defendant's contention.

 Article VII, § 3, of the State Constitution provides:

"In actions at law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of this State, unless the court can affirmatively say there is no evidence to support the verdict. Until otherwise provided by law, upon appeal of any case to the Supreme Court, either party may have attached to the bill of exceptions the whole testimony, the instructions of the court to the jury, and any other matter material to the decision of the appeal. If the Supreme Court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial; or if, in any respect, the judgment appealed from should be changed, and the Supreme Court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same

manner and with like effect as decrees are now entered in equity cases on appeal to the Supreme Court; provided, that nothing in this section shall be construed to authorize the Supreme Court to find the defendant in a criminal case guilty of an offense for which a greater penalty is provided than that of which the accused was convicted in the lower court.''

This provision has been construed as divesting the Circuit Courts of this state of the power theretofore exercised by them of setting aside verdicts on the ground of excessive damages. *Timmins v. Hale,* 122 Or. 24, 43, 256 P. 770; *Gillian v. Portland Crematorium Association,* 120 Or. 286, 296, 249 P. 627; *Buchanan v. Lewis A. Hicks Co.,* 66 Or. 503, 509-512, 130 P. 780, 134 P. 1191. It has also been construed as conferring upon this court the authority, where error has been committed on the trial, to examine the entire record and enter, or direct to be entered, such judgment as should have been entered in the Circuit Court, instead of remanding the case to that court for a new trial. The cases so holding are cited and reviewed in the special opinion of Mr. Justice Bailey in *Johnson v. Ladd,* 144 Or. 268, 280, 14 P. (2d) 280, 24 P. (2d) 17.

The question whether this court has the power under this section, in a case where the record is free from error, to reduce the verdict simply because it is of the opinion that the damages are excessive and to enter a judgment for a lesser sum remains an open one. *Johnson v. Ladd,* supra, cannot be said to settle that question, and, for reasons that will appear, it is not necessary to consider it now. The court did, it is true, in *Wychgel v. States Steamship Co.,* supra, reduce the verdict from $30,000.00 to $15,000.00 and enter judgment for the lesser sum. That was a Jones Act

case. The opinion contains no discussion of the authority under which the court acted. The only case cited in support of that part of the decision is *Martin v. Oregon Stages, Inc.*, 129 Or. 435, 277 P. 291. There it was found that the Circuit Court had erred in refusing to grant a new trial for misconduct of a juror, and in these circumstances this court invoked Art. VII, § 3, of the Constitution, and remanded the cause to the Circuit Court with instructions to enter judgment for the plaintiff in a sum less than that found by the jury. The authority of the Wychgel case as a precedent is greatly weakened by *McCauley v. Pacific Atlantic Steamship Co.*, supra, 167 Or. 101, in which we held substantially that the federal rule should be followed. The court said: "In passing upon this question (excessive damages) we are not controlled by § 3 of Article VII, Oregon constitution", and, after reference to some of the federal decisions, concluded:

> "It would seem that this court, in passing upon the question of excessiveness of the verdict in an action brought under the Jones act, should accord to the trial court's determination of that matter as much consideration as given by federal appellate courts to similar rulings of federal trial judges."

If, as the defendant contends, this case is governed by Art. VII, § 3, it would follow, in one view, that the decision of the Circuit Court on the motion for a new trial must be affirmed, for the only assignment of error under consideration is based upon the Circuit Court's refusal to grant a new trial or to require a remittitur; and, as we have seen, the Circuit Court has been without the asserted power since the enactment of Art. VII, § 3.

■ But the defendant's position, as stated on the

argument, is that this court has been invested by the constitutional amendment with the power, not to grant a new trial for excessive damages, but itself to determine from an examination of the evidence what the damages are and to enter judgment for the amount so found, even in a case free from error. That is what was done in the Wychgel case, the authority on which the defendant relies. Whether the amendment gives this court that power in ordinary cases not arising under federal laws is still, as we have said, an open question. For present purposes we may assume, although we do not decide, that we have such power. But, if so, it is a power which, in our opinion, cannot be exercised in a case arising under the Jones Act, because it would affect fundamental rights of the plaintiff which are controlled by the federal decisions.

■ The Jones Act accords to seamen "the right of trial by jury", 46 U. S. C. A., § 688. This, we think, means a jury trial in which there is a due observance of the respective functions of the trial judge and the jury in a trial by jury at common law. It is true, as suggested by counsel for the defendant, that a state may abolish the jury system altogether. But, notwithstanding that fact, we need not decide the question posed whether, if Oregon had abolished the jury system, a seaman, electing to sue in the courts of this state under the Jones Act, would be bound by the established procedure. For we have the jury system, and, that being so, the question for us to decide is as to the character of a jury trial to which the parties are entitled. In *Chicago, R. I. & P. R. Co. v. Cole,* 251 U. S. 54, 64 L. ed. 133, 40 S. Ct. 68, Mr. Justice HOLMES said that there is nothing "in the Constitution of the United States or its amendments that requires a state

to maintain the lines with which we are familiar between the functions of the jury and those of the court. It may do away with the jury altogether.'' That was said in a case of a common law action for negligence tried in the state court. The question in the Supreme Court was as to the constitutionality of an Oklahoma constitutional provision reading:

> "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall at all times be left to the jury."

The court held that the provision did not contravene the Fourteenth Amendment of the Constitution of the United States. The question whether it was a procedural or a substantive provision was not involved.

But where the question was whether such a provision of a state constitution related merely to procedure or affected substantive rights the federal decisions are otherwise. *Herron v. Southern Pac. Co.*, 283 U. S. 91, 75 L. ed. 857, 51 S. Ct. 383, was an action for damages for personal injuries resulting from a collision between the plaintiff's automobile and the defendant's train. The action was brought in the United States District Court for the District of Arizona. The accident occurred in Arizona, whose constitution contained a provision identical with that of Oklahoma, above quoted. The case arose before the change in the interpretation of the Conformity Act brought about by *Erie R. Co. v. Tompkins*, 304 U. S. 64, 82 L. ed. 1188, 58 S. Ct. 817, 114 A. L. R. 1487. The Supreme Court held that the federal court was not bound by the constitutional provision in question. It was said in an opinion by Mr. Chief Justice HUGHES:

"It does not appear to be insisted by the appellant, and it could not be maintained, that this constitutional provision must be followed by the federal courts by virtue of the Conformity Act. U. S. C., Tit. 28, § 724 (28 U. S. C. A. § 724). The state, without violating the requirements of due process, may provide such a rule for its own courts, as it may do away with the jury altogether (Chicago, R. I. & P. R. Co. v. Cole, 251 U. S. 54, 56, 40 S. Ct. 68, 64 L. ed. 133), but, in view of its nature and effect, the rule cannot be regarded as one that relates merely to practice or to a 'form' or 'mode of proceeding'. The provision 'cuts deep into the right, observed at common law, by which a defendant can obtain a decision by the court upon a proven state of facts.' Atchison, T. & S. F. R. Co. v. Spencer [9 Cir] 20 F. (2d) 714, 718. Even with respect to the burden of proof as to contributory negligence, this Court has said: 'But it is a misnomer to say that the question as to the burden of proof as to contributory negligence is a mere matter of state procedure. For, in Vermont, and in a few other states, proof of plaintiff's freedom from fault is a part of the very substance of his case. * * * But the United States courts have uniformly held that, as a matter of general law, the burden of proving contributory negligence is on the defendant. The Federal courts have enforced that principle even in trials in states which hold that the burden is on the plaintiff.' Central Vermont R. Co. v. White, 238 U. S. 507, 512, 35 S. Ct. 865, 867, 59 L. ed. 1433, Ann. Cas. 1916B 252. See, also, Beutler v. Grand Trunk Junction R. Co., 224 U. S. 85, 88, 32 S. Ct. 402, 56 L. ed. 679.''

The case of *Atchison, T. & S. F. R. Co. v. Spencer* (C. C. A. 9), 20 F. (2d) 714, cited by the Supreme Court in the Herron case, involved an accident which occurred in New Mexico. The action was brought in the Arizona federal court, and the question of applicability

of the Arizona constitutional provision to which we have referred was presented. In holding that this provision should not be applied, the Circuit Court of Appeals for the Ninth Circuit said:

> "It is our opinion that the constitutional provision in Arizona lays down a rule of *substantive law*, rather than one pertaining to *remedy or of procedure*. Pritchard v. Norton, 106 U. S. 124, 1 S. Ct. 102, 27 L. ed. 104. It cuts deep into the right, observed at common law, by which a defendant can obtain a decision by the court upon a proven state of facts."

We come to cases which more nearly touch the present case. *Central Vermont R. Co. v. White,* supra, was an action for wrongful death under the Federal Employers' Liability Act commenced and tried in a Vermont state court. The plaintiff recovered a judgment which was affirmed on appeal by the Supreme Court of the state. On writ of error to the Supreme Court of the United States the defendant contended that the trial court had erred in refusing to instruct the jury, in accordance with the Vermont rule, that the burden was on the plaintiff administratrix to show that the deceased was not guilty of contributory negligence. The Supreme Court, while conceding that "matters respecting the remedy—such as the form of the action, sufficiency of the pleadings, rules of evidence, and the statute of limitations—depend upon the law of the place where the suit is brought", held that the state rule in question was not procedural but related to substantive rights. The court said:

> "But it is a misnomer to say that the question as to the burden of proof as to contributory negligence is a mere matter of state procedure. For, in Vermont, and in a few other states, proof of

plaintiff's freedom from fault is a part of the very substance of his case. He must not only satisfy the jury (1) that he was injured by the negligence of the defendant, but he must go further, and, as a condition of his right to recover, must also show (2) that he was not guilty of contributory negligence. In those states the plaintiff is as much under the necessity of proving one of these facts as the other; and as to neither can it be said that the burden is imposed by a rule of procedure, since it arises out of the general obligation imposed upon every plaintiff, to establish all of the facts necessary to make out his cause of action. But the United States courts have uniformly held that, as a matter of general law, the burden of proving contributory negligence is on the defendant. The Federal courts have enforced that principle even in trials in states which hold that the burden is on the plaintiff.''

*New Orleans & N. E. R. Co. v. Harris,* 247 U. S. 367, 62 L. ed. 1167, 38 S. Ct. 535, was likewise an action under the Federal Employers' Liability Act to recover damages for wrongful death. It was commenced and tried in the Mississippi courts. A statute of Mississippi provided in substance that in all actions against railroad corporations proof of injury inflicted by the running of the locomotives or cars shall be *prima facie* evidence of want of reasonable skill and care of the corporation. The Supreme Court reversed a judgment for the plaintiff because the court instructed the jury in accordance with the provisions of this statute. The court said:

''The Federal courts have long held that where suit is brought against a railroad for injuries to an employee resulting from its negligence, such negligence is an affirmative fact which plaintiff must establish. (Citing cases) In proceedings brought under the Federal Employers' Liability

Act rights and obligations depend upon it and applicable principles of common law as interpreted and applied in Federal courts; and negligence is essential to recovery. (Citing cases) These established principles and our holding in Central Vermont R. Co. v. White, 238 U. S. 507, 511, 512, 59 L. ed. 1433, 1436, 1437, 35 Sup. Ct. Rep. 865, Ann. Cas. 1916B, 252, 9 N. C. C. A. 265, we think make it clear that the question of burden of proof is a matter of substance, and not subject to control by laws of the several states.''

It is also the holding of the Supreme Court that in this class of cases the kind or amount of evidence required to establish negligence is not subject to control of the several states. *Chicago, M. & St. P. Ry. Co. v. Coogan,* supra; *Chesapeake & O. R. Co. v. Stapleton,* 279 U. S. 587, 73 L. ed. 861, 49 S. Ct. 442; *McCauley v. Pacific Atlantic Steamship Co.,* supra, loc. cit. 167 Or. 89; *Lieflander v. States Steamship Co.,* supra, loc. cit. 149 Or. 610; *Christie v. Great Northern Ry. Co.,* supra, loc. cit. 142 Or. 337; *Hopkins v. Spokane P. & S. Ry. Co.,* supra, loc. cit. 137 Or. 300. As we said in *Hopkins v. Spokane P. & S. Ry. Co.,* supra: ''Any legislation governing the amount of proof required to establish the liability is a rule of substantive law and not one of procedure.''

■ The general rule is that ''the court at the forum determines according to its own Conflict of Laws rule whether a given question is one of substance or procedure.'' Restatement, Conflict of Laws, § 584. See *Hopkins v. Kurn,* 351 Mo. 41, 171 S. W. (2d) 625, 149 A. L. R. 762, with annotation at p. 775. In cases arising under federal acts, however, the Supreme Court, as we have seen, decides this question for itself, and state courts are bound by its rulings. In

reality there is involved the question of the construction of the act; for, as the Supreme Court said in *Central Vermont R. Co. v. White,* supra, when it refused to apply the Vermont burden of proof rule: "Congress, in passing the Federal employers' liability act, evidently intended that the Federal statute should be construed in the light" of federal decisions relative to the burden of proof in negligence cases.

It is to be observed, moreover, that the Supreme Court, in resolving the dispute as to whether a particular question is substantive or procedural, has taken a strong position in favor of the view that it is substantive. Thus it is frequently held, and is probably the weight of authority in the state courts, that the question as to the sufficiency of the evidence to warrant the submission of the issue to the jury is to be determined by the law of the forum. Restatement, Conflict of Laws, § 594. *Singer v. Messina,* 312 Pa. 129, 167 Atl. 583, 89 A. L. R. 1271, and cases cited in annotation at p. 1280. The state courts are divided as to the character of provisions concerning contributory negligence such as are found in the Arizona and Oklahoma constitutions. Many of them hold that such provisions pertain to the remedy and are procedural. See *Hopkins v. Kurn,* supra, and annotation in 149 A. L. R. at p. 775. But the federal courts, as we have seen, hold that questions pertaining to the sufficiency of the evidence and the right of the court to determine the issue as a matter of law are substantive.

We are aware of no decisions upon the precise question here presented. But, in view of the rulings of the Supreme Court which have been reviewed on closely related questions and the nature of the power which we are called upon to exercise, we think that

Art. VII, § 3, of the Oregon Constitution, construed as the defendant would have us construe it, is a substantive provision affecting fundamental rights and in conflict with the rule prevailing in the federal courts upon this subject. It is not a mere question, as has been suggested in argument, of which tribunal, this or the Circuit Court, is empowered to act. That, we think, would be a procedural question, and we perceive no conflict of a substantive nature that would arise if we should grant a new trial, for excessive damages, either generally or with the option of a remittitur. There are numerous cases arising under the Federal Employers' Liability Act and the Jones Act in which that has been done by appellate courts, and some of these the Supreme Court of the United States has declined to review. See, for illustration, *Louisville & N. R. Co. v. Grizzard,* 238 Ala. 49, 189 So. 203, certiorari denied 308 U. S. 603, 84 L. ed. 504, 60 S. Ct. 140, and cases cited in 45 U. S. C. A. 51, note 889. But, with the exception of the Wychgel case, we have seen no case in which a court has reduced the verdict out of hand where the claim was for unliquidated damages. Exercise of the suggested power would undoubtedly constitute an invasion of the right to trial by jury according to the rules of the common law.

*Kennon v. Gilmer,* 131 U. S. 22, 33 L. ed. 110, 9 S. Ct. 696, came to the Supreme Court of the United States on writ of error to the Supreme Court of the Territory of Montana. The territorial court had reduced a judgment obtained by the plaintiff in the trial court in a case to recover damages for personal injuries, and affirmed the judgment as thus reduced. The Supreme Court reversed the decision of the territorial court as in contravention of the Seventh Amend-

ment of the Constitution of the United States, which provides:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any court of the United States, than according to the rules of the common law."

After calling attention to statutes of the territory providing for a new trial for excessive damages and insufficiency of the evidence and prescribing the power of the appellate court on appeal, the court said:

"Under these statutes, as at common law, the court, upon the hearing of a motion for a new trial, may, in the exercise of its judicial discretion, either absolutely deny the motion, or grant a new trial generally, or it may order that a new trial be had unless the plaintiff elects to remit a certain part of the verdict, and that, if he does so remit, judgment be entered for the rest. Hopkins v. Orr, 124 U. S. 510; Arkansas Valley Land & Cattle Co. v. Mann, 130 U. S. 69. And if the pleadings and the verdict afforded the means of distinguishing part of the plaintiff's claim from the rest, this court might affirm the judgment upon the plaintiff's now remitting that part. Bank of Kentucky v. Ashley, 27 U. S. 2 Pet. 327.

"But this court has no authority to pass upon any question of fact involved in the consideration of the motion for a new trial. *And, in a case in which damages for a tort have been assessed by a jury at an entire sum, no court of law, upon a motion for a new trial for excessive damages and for insufficiency of the evidence to support the verdict, is authorized, according to its own estimate of the amount of damages which the plaintiff ought to have recovered, to enter an absolute judgment*

*for any other sum than that assessed by the jury."* (Italics added)

The Supreme Court has also held that the court may not in a personal injury action, where the damages awarded by the jury are inadequate, deny a new trial upon consent by the defendant to an increase of the damages to a stated amount, for the reasons that to do so would be contrary to the established practice and rule of the common law as it existed in England at the time of the adoption of the Constitution, and because "an increase by the court is a bald addition of something which in no sense can be said to be included in the verdict." *Dimick v. Schiedt,* 293 U. S. 474, 79 L. ed. 603, 55 S. Ct. 296, 95 A. L. R. 1150.

Upon the general question it is said in 39 Am. Jur., New Trial, 148, § 142:

"The constitutional right to trial by jury is not infringed by the granting of a new trial for the award of excessive damages by the jury, and the court may, in its discretion, without invading the province of the jury or the constitutional right of a party to a trial by a jury, as a condition of denying a new trial, reduce or increase the amount of the damages as awarded by the verdict of the jury, although it is regarded as an unconstitutional invasion of the right to trial by jury for the court to undertake to reduce or increase the verdict without giving the party affected the option to submit to a new trial."

The same authority says at p. 206, § 213:

"The courts of this country unanimously hold that the trial court is powerless to reduce the verdict of a jury in an action for unliquidated damages and render judgment for a less amount unless the party in whose favor the verdict was rendered consents to the reduction, since a reduction under such circumstances invades the province of the jury.

The court must make the remittitur conditional upon the consent of the plaintiff, and if he does not consent, set the verdict aside and award a new trial; it may not, without giving the party an option to submit to a new trial, alter the jury's verdict by reducing the amount of recovery."

See cases cited in the annotations, 95 A. L. R. 1163, 53 A. L. R. 779.

■ If a state rule, such as that of Vermont, which does no more than shift the burden of proof of contributory negligence (*Central Vermont R. Co. v. White,* supra) ; or a statute such as that of Mississippi providing that mere proof of the happening of the accident shall constitute a *prima facie* case (*New Orleans & N. E. R. Co. v. Harris,* supra) affects substantive rights; or, if a constitutional provision such as those in Arizona or Oklahoma "cuts deep into the right, observed at common law, by which a defendant can obtain a decision by the court upon a proven state of facts" (*Herron v. Southern Pac. Co.,* supra) ; or if the question of "the kind and amount of evidence" (*Chicago, M. & St. P. Ry. Co. v. Coogan,* supra) is a substantive one; how can it be logically maintained that a rule which vests in a court, this or any other, the authority to determine that a verdict is excessive and enter final judgment in an amount less than that found by a jury— the authority to do that which, if the trial were in a federal court, would contravene the Seventh Amendment to the federal Constitution (*Kennon v. Gilmer,* supra)—involves nothing more than the application of a rule of procedure?

We are not to be understood as suggesting that the Seventh Amendment to the Constitution of the United States governs this case, or that state law, such as we have in Oregon, prescribing that less than a

unanimous jury may return a verdict or forbidding the court to comment on the evidence, may not be applied in a trial under the Jones Act. But we are of the opinion, in view of the principles announced by the Supreme Court of the United States in the cases to which we have referred, that the exercise by the court of the asserted power to reduce the amount of a verdict and enter judgment for a lesser sum than that found by the jury, would constitute a failure to observe the traditional lines of demarcation between the functions of the court and the jury which, under those decisions, we are admonished to maintain in order that the intention of Congress in enacting the Jones Act may be effected. It follows that Art. VII, § 3, of the State Constitution, cannot be applied in this case as counsel for the defendant would have us apply it, and, further, that *Wychgel v. States Steamship Co.,* supra, which is not in harmony with these views, must be deemed overruled.

■ It seems to be the established rule of the federal courts that an order of the trial court denying a motion for a new trial on the ground of excessive damages will not be reviewed on appeal. This is because, as stated by Judge Augustus N. Hand in *Pariser v. City of New York,* 146 F. (2d) 431, 433:

> "If the amount of the verdict be regarded as in fact excessive, nevertheless it was the jury's estimate arrived at after a proper charge. Such a matter is not reviewable on appeal but is solely one of fact for the jury to determine."

See, also, *Southern Railway Co. v. Bennett,* 233 U. S. 80, 58 L. ed. 860, 863, 34 S. Ct. 566; *Herencia v. Guzman,* 219 U. S. 44, 55 L. ed. 81, 82, 31 S. Ct. 135; *Socony-Vacuum Oil Co. v. Smith,* 305 U. S. 424, 83 L.

ed. 265, 271, 59 S. Ct. 262; *Kurn v. Stanfield,* 111 F. (2d) 469, 474; *Swift & Co. v. Ellinor,* 101 F. (2d) 131, 132; *Smith v. Socony-Vacuum Oil Co.,* 96 F. (2d) 98, 102. With some modification, perhaps, the same rule prevailed in this state before the adoption of Art VII, § 3, of the Constitution, when the Circuit Courts had the power to set aside a verdict and grant a new trial for excessive damages. *Tuohy v. Columbia Steel Co.,* 61 Or. 527, 533, 122 P. 36; *Wolf v. City Railway Company,* 50 Or. 64, 80, 85 P. 620, 91 P. 460; *Sorenson v. Oregon Power Co.,* 47 Or. 24, 33, 82 P. 10; *Adcock v. Oregon Railroad Co.,* 45 Or. 173, 182, 77 P. 78; *Coos Bay Navigation Co. v. Endicott,* 34 Or. 573, 578, 57 P. 61; *Kumli v. Southern Pacific Co.,* 21 Or. 505, 512, 28 P. 637; *McQuaid v. The Portland & Vancouver R. R. Co.,* 19 Or. 535, 538, 25 P. 26. It has been indicated, however, that in a case of a manifest abuse of discretion the Supreme Court may review the trial court's action. *Archambeau v. Edmundson,* 87 Or. 476, 486, 171 P. 186. Further, the Circuit Courts of this state exercised the power to set aside the verdict where the damages were excessive and grant a new trial unless the plaintiff remitted a part of the damages assessed by the jury. *Adcock v. Oregon Railroad Co.,* supra, loc. cit. 181; *Sorenson v. Oregon Power Co.,* supra, loc. cit. 33.

█ The case now before us has somewhat unusual circumstances. In denying the motions for judgment *non obstante veredicto* and for a new trial, the trial judge stated his reasons in a written memorandum opinion. The order entered on the motions recites that they ''are denied for the reasons stated in the court's memorandum opinion dated July 5, 1944, and filed this date.'' A copy of the opinion is attached to the bill of exceptions and is specifically referred to in the

certificate of the trial judge to the bill of exceptions. In that portion of the opinion which deals with the motion for a new trial, the court, after referring to the federal practice, said:

"Were the Court to follow that procedure in this case, the primary question, that of liability, would not be settled except as the plaintiff would appeal from the Court's order granting a new trial. This would place the burden of expense of appealing upon the prevailing party in the trial court. This would hardly appear to be fair to the plaintiff under the existing circumstances. I do not feel that the Court has any power or authority to cut the verdict to an amount deemed to be proper, except as indicated above.

"I have come to the conclusion that the damages are excessive and out of proportion to the plaintiff's injuries and disabilities suffered, but do not feel inclined to require the plaintiff to file any remittitur in this case. I say this because I feel that the important and paramount question to be decided is as to whether or not liability exists against the person who conducts the business of the vessel under his General Agency Agreement with the Government. If the Supreme Court should feel that no liability exists, cutting the verdict and requiring the filing of a remittitur would solve no problem, for the plaintiff would then not be entitled to recover in any sum. If I cut the amount to a sum that I deem proper the plaintiff would have no right of appeal upon acceptance and the filing of a remittitur. The defendant in such case would still have its right of appeal, and defendant has indicated to the Court that were the Court to allow any substantial sum as damages, it would be obliged to appeal, in order to have the question of liability determined in this jurisdiction."

It thus appears that, although the trial judge thought the damages "excessive and out of proportion

to the plaintiff's injuries and disabilities suffered'',
he denied the motion for reasons irrelevant to the question presented to him for decision.

Counsel for the plaintiff contest the right of this court to consider the memorandum opinion because ''it is an opinion merely and possesses no legal efficacy, and is not entitled to be made a part of the record.'' *Thomsen v. Thomsen,* 118 Or. 614, 615, 228 P. 832, 245 P. 502, 247 P. 808. See, also, *Richards v. DeLin,* 135 Or. 8, 9, 282 P. 119, 294 P. 600; *McGowan v. City of Burns,* 172 Or. 63, 81, 137 P. (2d) 994, 139 P. (2d) 785. But in this case the opinion is made part of the record, and, by reference to it in the court's order, became a part of that order as much as though it had been set forth therein at length. Only a few weeks ago we reversed a judgment because the memorandum opinion of the trial judge disclosed that he had applied an erroneous measure of damages in making an award to the plaintiff. *Parrott v. Hanson,* 620, 175 P. (2d) 169, 171. And, in *State v. Evans,* 98 Or. 214, 221, 233, 192 P. 1062, 193 P. 927, this court considered the opinion of the trial judge on the motion for a new trial based on newly discovered evidence, and reversed the order denying such motion, for the reason, among others, that it appeared from the opinion that the judge had proceeded on the unfounded assumption that the court lacked the power to grant the motion. See, also, *Larsen v. O. R. & N. Co.,* 19 Or. 240, 23 P. 974, where the trial judge, in overruling a motion for a new trial, stated that he was satisfied that the jury was prejudiced and the verdict excessive, and this court said *obiter* that, in those circumstances, ''the party injured is entitled to a new trial as a legal right''. We think that in the circumstances of this case there

can be no doubt that the memorandum opinion is properly here for our consideration.

 In *State v. Evans,* supra, the court said that "the learned trial judge abused his discretion by abjuring it." Here the trial judge exercised his discretion up to the point of declaring the damages excessive and than "abjured" it when he declined to decide the question of whether there should be a new trial *because of such excessiveness,* and denied the motion for the reason that, should it ultimately be determined that the defendant was not liable, "cutting the verdict and requiring the filing of a remittitur would solve no problem", and for the other reasons stated in his opinion. The Supreme Court of the United States understood that the trial judge was thus reserving his decision on the motion, for in Note 9 to its opinion, supra, it said:

> "The verdict was for $35,000, which the trial court indicated in its opinion was excessive in relation to the injuries incurred. But being of opinion that the question of· liability should be settled by review, it declined to order remittitur and denied the motion for judgment non obstante veredicto, in effect reserving decision on the question of remittitur pending outcome of decision on appeal."

We think the parties were entitled to a ruling on the motion, based on the exercise of sound judicial discretion and not on irrelevant considerations. While the practice suggested in Note 9 does not obtain in this jurisdiction, still, in view of the Supreme Court's interpretation of the record upon this question and our own conception of the proper procedure to be followed in the novel circumstances, we think that the case should be remanded to the Circuit Court for the single purpose of passing on the motion for a new

trial. We are aware of no statute which stands in the way of this course. It is akin to the practice prevailing in many jurisdictions, and held to be within the inherent power of the court, of ordering a retrial on a single issue. See *Scott v. Brogan*, 157 Or. 549, 560, 73 P. (2d) 688, and authorities there cited; *Gasoline Products Co. v. Champlin Refining Co.*, 283 U. S. 494, 51 S. Ct. 513, 75 L. ed. 1188, with extensive annotation at pp. 1191, et seq. It is also analogous to, and finds support in, the Wisconsin practice, that when a discretionary power exists in the court to grant or deny a motion, if the denial was based on the erroneous assumption that the power did not exist, the order must be reversed and the case remanded to the Circuit Court in order that the discretion existing in the Circuit Court might be exercised. *Katz v. De Wolf*, 151 Wis. 337, 343, 138 N. W. 1013, Ann. Cas. 1914B 237, and cases cited.

■ One further contention of counsel for the plaintiff calls for brief comment. It is said that the trial court's power to set aside an excessive verdict is limited to those cases where the amount of damages allowed is "shocking", or the result of appeals to passion or prejudice, or other misconduct at the trial. It is difficult to define the circumstances which warrant exercise of the power, and we shall not attempt to do so. The Supreme Court of the United States has said that "the court is within the limits of its authority when it sets aside the verdict of the jury and grants a new trial where the damages are palpably or outrageously excessive." *Arkansas Valley Land and Cattle Co. v. Mann*, 130 U. S. 69, 32 L. ed. 854, 9 S. Ct. 458. According to 15 Am. Jur., Damages, 623, § 205:

"A close analysis of the results reached in the cases justifies the statement that the courts gen-

erally grant relief if convinced that the verdict substantially exceeds any rational appraisal or estimate of the damages even though the inference of passion, prejudice, partiality, or other improper motive on the part of the jury is no more natural or reasonable than the inference of mistake or misapprehension on their part.''

We think, however, that it is not accurate to say that no relief can be granted except where the verdict was returned under the influence of passion or prejudice, because in such a case the only course open to the court is to set aside the verdict and grant a new trial absolutely. The reason for this, as stated in *Stafford v. Pawtucket Haircloth Co.*, 2 Cliff. 82, quoted with approval in *Arkansas Valley Land and Cattle Co. v. Mann,* supra, is as follows:

''Such errors may in many cases and under most circumstances be obviated by remitting the amount of the excess; but where the circumstances clearly indicate that the jury were influenced by prejudice or by a reckless disregard of the instructions of the court, that remedy cannot be allowed. Where such motives or influences appear to have operated, the verdict must be rejected, because the effect is to cast suspicion upon the conduct of the jury and their entire finding.''

Our own decision in *Adcock v. Oregon Railroad Co.,* supra, loc. cit. 181, is to the same effect.

It follows that where the damages are found to be excessive, although the jury was not influenced by prejudice or passion, the plaintiff may be required to file a remittitur or a new trial will be granted.

For the reasons herein given the judgment is reversed and the cause remanded for further proceedings in conformity to this opinion.

KELLY and BRAND, J. J., did not participate in this decision.