Argued September 11, affirmed September 23, 1970

McMAHAN, *Appellant, v.* STATES STEAMSHIP
COMPANY, *Respondent.*

474 P2d 515

*Marvin S. Nepom*, Portland, argued the cause for appellant. With him on the brief was Ben T. Gray, Portland.

*Erskine Wood*, Portland, argued the cause for respondent. With him on the brief were Wood, Wood, Tatum, Mosser & Brooke, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN,* TONGUE, HOWELL and MENGLER, Justices.

TONGUE, J.

This is an action under the Jones Act by a merchant seaman for personal injuries sustained when he "caught" a shipmate who fell into his arms upon the collapse of a wooden ladder.

The principal injury complained of by plaintiff (aside from some temporary soreness in plaintiff's back, side, shoulder, and elbow and small lumps on his left forearm and side), consisted of a small hemorrhoid, which at the time of trial continued to be uncomfortable and to occasionally bleed. Plaintiff's doctor testified that this could be repaired by minor surgery, but that he (the doctor) had a hemorrhoid himself and preferred to "live with it."

---

* Holman, J., did not participate in this decision.

■ Defendant admitted liability and also did not deny plaintiff's medical testimony that these injuries were caused by the accident—the sole issue being one of damages. The jury returned a verdict for $7,000. The trial judge ordered a remittitur of $3,500. Plaintiff appeals from a judgment for the remainder in the sum of $3,500.

■ Plaintiff concedes on appeal that Article VII, § 3, of the Oregon Constitution has no direct application in determining whether or not verdicts should be set aside as "excessive" in actions under the Jones Act in the courts of this state. *Hust v. Moore-McCormack Lines, Inc.*, 180 Or 409, 415-436, 177 P2d 429 (1947).

■ Plaintiff contends, however, that in such cases this court must still apply the same standard as applied in such cases by the federal courts and as stated in *Taylor v. Washington Terminal Co.*, 409 F2d 145 (DC Cir 1969). In that case the Court of Appeals reinstated a jury verdict, despite the ordering of a remittitur by the district court, and (at p 149) stated that the trial judge must give "great weight" to the verdicts of juries, as the "primary fact finders" under provisions of the Constitution of the United States, and should not grant an application for a remittitur "* * * unless the verdict is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate." We agree that this is a proper test to be applied in such cases.

Plaintiff does not deny, however, that the application of this test to the facts of a particular case is a matter within the discretion of the trial judge, for which he will not be reversed by this court unless it can be demonstrated that there was a clear abuse of discre-

tion, as held by this court in *Sandow v. Weyerhaeuser Co.*, 252 Or 377, 379, 449 P2d 426 (1969).

■ We have examined the testimony in this case, including that of plaintiff and the medical testimony offered by him. Despite the discomfort which is well known to accompany the continued existence of such a small hemorrhoid (unless and until corrected by minor surgery), and despite the limitations imposed by the test as stated in the *Taylor* case, we cannot say that there was a clear abuse of discretion by the trial judge in requiring a remittitur under the facts in this case.

Affirmed.