Argued January 12, affirmed April 2, 1973

STAPLES, *Respondent, v.* UNION PACIFIC
RAILROAD COMPANY, *Appellant.*

508 P2d 426

*Walter J. Cosgrave,* Portland, argued the cause for appellant. With him on the briefs were Randall B. Kester and Austin W. Crowe, Jr., Portland.

*George M. Joseph, Portland,* argued the cause for respondent. With him on the brief were Zig I. Zakovics, Reiter, Wall & Bricker, P.C., and Bemis, Breathouwer & Joseph, Portland.

Before McAllister, Presiding Justice, and Denecke, Holman, Tongue and Bryson, Justices.

DENECKE, J.

The plaintiff obtained a $66,000 verdict in a Federal Employers Liability Act case in which the defendant railroad admitted liability. The defendant's

principal contention on appeal is that the verdict was excessive and the trial court erred in refusing to grant a remittitur or, in the alternative, a new trial.

■ This is an action brought under a federal statute; therefore, federal substantive law applies and the trial court has the authority to make a remittitur. *Hust v. Moore-McCormick Lines, Inc.,* 180 Or 409, 436, 177 P2d 429 (1947).

■ We have found that the federal law has changed since *Hust* and now empowers an appellate court to review the action of the trial court in ruling on the motion for remittitur. *Sandow v. Weyerhaeuser Co.,* 252 Or 377, 379, 449 P2d 426 (1969); *McMahan v. States Steamship,* 256 Or 554, 556-557, 474 P2d 515 (1970). The trial judge, however, is granted a considerable amount of what appellate courts sometimes term "discretion" in ruling on motions for remittitur; that is, the trial court will not be reversed for denying remittitur unless the appellate court is of the opinion that the amount of the verdict is "outrageous," "shocking" or "monstrous." *McMahan v. States Steamship,* supra (256 Or 554).

■ The trial court in this case opined that the verdict "was substantially larger than I expected it would be. However, * * * I conclude that the result was neither shocking nor outrageous." We agree.

The jury could have found the following facts about plaintiff's injuries: Plaintiff was 28 years old; approximately a year before trial, while plaintiff was welding, he received two electric shocks, both of which knocked him down; he was hospitalized for a week; shortly thereafter he returned to work which he performed with difficulty; soon thereafter, at the suggestion of his physician, he quit work for several weeks but has been working since.

His principal complaints from the time of the injury until present are a soreness and stiffness in his back, left arm and shoulder, diagnosed by the physician-witnesses as "residual strains," and a bruised ankle. He suffers general fatigue. He has recurring severe headaches. He is unable to get an unbroken night's sleep. His disposition has changed for the worse. He formerly was very active in all kinds of recreation, including athletics. Now he can either not participate or must participate on a substantially reduced scale. His condition has remained about the same for the last eight months.

Manipulation, injections and heat therapy have produced no lasting betterment. There was medical testimony that "there was [is] some permanency of his condition."

With this evidence the trial court did not err in refusing to grant motion for the remittitur.

■ The other two assignments of error were directed at alleged improper argument of plaintiff's counsel and alleged improperly received evidence. No motion for a mistrial, or any other objection was made to counsel's argument, and, therefore, we will not further consider this assignment.

■ The evidence alleged to be improperly received was about the conditions on the defendant-employer's premises at the scene of the injury. While liability was not in issue, evidence of some of the details of the accident might be relevant on the issue of the extent of the injuries. The trial court was correct in its ruling and comment, "I want you to show the accident and I think you can set the set."

Affirmed.