**Ernest C. DAVIS**

v.

**UNITED STATES of America.**

**Civ. No. B–76–140.**

United States District Court,
D. Connecticut.

May 13, 1976.

Ernest C. Davis, pro se.

MEMORANDUM OF DECISION

NEWMAN, District Judge.

Petitioner, convicted on his plea of guilty to conspiracy to commit a theft from interstate shipment, 18 U.S.C. §§ 659, 371, moves to vacate sentence under 28 U.S.C. § 2255 primarily on the ground that his co-defendant was subsequently acquitted of the substantive offense.

▮ It has been observed that "where an indictment for conspiracy names only two, an acquittal or reversal as to one is an acquittal or reversal as to the other." *Unit-*

ed States v. Fox, 130 F.2d 56, 57 (3d Cir. 1942). See Bates v. United States, 323 U.S. 15, 65 S.Ct. 15, 89 L.Ed. 13 (1944); Hartzel v. United States, 322 U.S. 680, 64 S.Ct. 1233, 88 L.Ed. 1534 (1944); Morrison v. California, 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664 (1934); Romontio v. United States, 400 F.2d 618 (10th Cir. 1968); Lubin v. United States, 313 F.2d 419 (9th Cir. 1963); Herman v. United States, 289 F.2d 362 (5th Cir. 1961); United States v. Bruno, 333 F.Supp. 570 (E.D.Pa.1971). Generally, this proposition is stated in the context of an appeal after trial, where the reversal of the conviction of one co-conspirator requires reversal of the conviction of the other. See, e. g., Lubin v. United States, supra. Whether that result follows where, following severance, different juries convict one co-conspirator and acquit the other is not entirely clear. Compare United States v. Bruno, supra (dismissing conspiracy charge after acquittal of co-conspirators) with DeCamp v. United States, 10 F.2d 984, 56 App.D.C. 119 (1926) (distinguishing acquittal of all but one co-conspirator in a joint trial from prospect of future trial of co-conspirators). In a joint trial, there is more justification for exonerating the only convicted conspirator because the fact-finder that has heard his case has also concluded that no other person is guilty of conspiracy.

However a convicted conspirator should fare after the acquittal of his co-defendant in a joint or separate trial, the issue here is how he should fare after his own voluntary decision to enter a plea of guilty. By his plea of guilty, Davis acknowledged that he conspired with Keish to commit the offense of stealing property that was shipped in interstate commerce. No decision has been found that permits collateral attack of a judgment based on a guilty plea because of a jury's verdict in proceedings against a co-defendant. One court has allowed a nolo contendere plea to be withdrawn before sentencing in view of the acquittal of a co-defendant charged with conspiracy, United States v. Suba, 227 F.Supp. 445 (W.D.Pa.1964), but permitting a plea to be withdrawn before sentencing is not authority for invalidating a sentence.

 Moreover, Davis can derive little benefit from cases in which a co-defendant was acquitted of conspiracy charges, because that has not occurred with respect to his co-defendant Keish. Keish was tried solely for the substantive offense of theft from interstate shipment, 18 U.S.C. § 659. The Government nolled the conspiracy count against Keish. A prosecutor's decision not to prosecute a charge of conspiracy against a co-defendant does not vitiate a defendant's plea of guilty to that charge. United States v. Fox, supra ; United States v. Lieberman, 8 F.2d 318 (E.D.N.Y.1925).

The record establishes that petitioner is not entitled to relief. Accordingly, the motion to vacate sentence is denied, and the petition is dismissed. The papers may be filed without fee.

Others issues have been dealt with in a memorandum furnished to the parties.