Argued and submitted September 26, reversed October 25, 1995

Jorge GARCIA,
*Respondent,*

*v.*

BURLINGTON NORTHERN
RAILROAD COMPANY,
a corporation,
*Appellant.*

(93C-803459; CA A87033)

904 P2d 1085

Sara E. Hauptfuehrer, Washington, D.C., argued the cause for appellant. With her on the brief were Charles G. Cole and Steptoe & Johnson, Washington, D.C.; and Larry E. Leggett and Kroschel & Gibson, Bellevue, Washington.

Thomas M. Christ argued the cause for respondent. With him on the brief was Monte Bricker.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Defendant appeals from a judgment for plaintiff in this action brought under the Federal Employers' Liability Act (FELA). 45 USC §§ 51-60. We reverse.

The relevant facts are not in dispute. Plaintiff worked as a brakeman-switchman engaged in switching operations at one of defendant's railway yards. That work involved coupling and uncoupling railroad cars to disassemble incoming trains and to assemble outgoing trains. In the course of disassembling one of defendant's trains, plaintiff pulled the pin on the caboose to "set out" that car from the rest of the train. To hold the caboose in place, plaintiff relied on its air brakes, instead of hand brakes or wheel blocks. After setting out the caboose, plaintiff walked away from the caboose. After a short time, he turned around and saw that the air brakes had not held the caboose in place. Instead, the car was rolling down the track toward a nearby mill.

Plaintiff alerted the foreman, and the two of them followed the runaway caboose in the foreman's pickup. They followed a road that paralleled, and eventually crossed, the track. Plaintiff and the foreman reached the crossing before the caboose, and they stopped there. There is no evidence that either the truck or its occupants were at risk of harm from the runaway caboose. Plaintiff started to get out of the truck, intent on attempting to board the caboose as it passed by in order to tie its hand brake and stop it. The foreman, however, grabbed plaintiff by the arm and ordered him to stay in the truck. Plaintiff remained in the truck as the caboose rolled by them and came to a stop without incident. Approximately one month later, plaintiff began experiencing pain in his left arm, which condition was later diagnosed as shingles.

Plaintiff sued defendant under the FELA, alleging that he had suffered physical and emotional injuries as a result of the caboose incident. Plaintiff alleged that his injuries were caused by defendant's failure to comply with the Federal Safety Appliance Act, 45 USC § 1,[1] which governs,

---

[1] That provision was repealed after the initiation of these proceedings. Act of July 5, 1994, Pub L 103-272, § 7(b), 108 Stat 1379. That repeal, however, has no effect on "proceedings that were begun before the date of [its] enactment," *id.*, and, thus, has no bearing on our decision.

among other things, the proper use and maintenance of railroad car air brakes. The matter was tried to the court. At the close of the evidence, defendant moved for a directed verdict, arguing that the Federal Safety Appliance Act applies only to the use of air brakes to stop moving trains, not to secure trains that already have come to a complete rest. Defendant also argued that plaintiff's injuries, if any, were solely a result of emotional distress, and plaintiff had failed to establish that his emotional distress was occasioned by his presence in the requisite "zone of danger" as the runaway caboose passed by him at the crossing. The trial court held that the Federal Safety Appliance Act does apply and that plaintiff was in the zone of danger. The trial court found in favor of plaintiff and entered judgment accordingly.

On appeal, defendant asserts two assignments of error. First, it argues that the trial court was incorrect in ruling that the Federal Safety Appliance Act applies. Second, it argues that the trial court erred in concluding that plaintiff was injured as a result of being in the zone of danger. We address only the second assignment, because it is dispositive.

■ Although this matter was tried in state court, it is governed by federal substantive law. *St. Louis Southwestern Railway Co. v. Dickerson*, 470 US 409, 411, 105 S Ct 1347, 84 L Ed 2d 303 (1985); *Staples v. Union Pacific R.R. Co.*, 265 Or 153, 155, 508 P2d 426 (1973).

■■ Defendant argues that, under *Conrail v. Gottshall*, ___ US ___, 114 S Ct 2396, 129 L Ed 2d 427 (1994), a plaintiff may recover damages for emotional distress under the FELA only if the plaintiff establishes that he or she was within the zone of danger of physical impact. In this case, defendant asserts, there is no evidence that plaintiff was within the zone of danger. Defendant emphasizes that plaintiff was in the truck when the caboose passed the crossing, and there is no evidence that the truck itself was located in the zone of danger of physical impact. Plaintiff responds that it is "immaterial" that plaintiff was never in danger of physical impact:

"[I]f plaintiff had tried to climb on board, as he fully intended, he would have risked being run over and sustaining serious or even fatal injury."

According to plaintiff, the fact that his foreman prevented him from making good on his intentions is of no moment. The fact that plaintiff intended to leave the safety of the truck and put himself in harm's way itself put him in the zone of danger of physical harm.

Under the FELA,

"[e]very common carrier by railroad * * * shall be liable in damages to [employees] * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier."

45 USC § 51. The statute itself does not specify what constitutes an "injury" for which an employee may recover damages. In *Gottshall*, however, the United States Supreme Court held that the term refers to emotional, as well as physical, injury, but only if the emotional distress was caused by fear of physical injury to the employee resulting from the employer's conduct and the employee was in the "zone of danger" of physical impact. ___ US at ___, 114 S Ct at 2410-11. In this case, plaintiff does not argue that he was at any time in immediate risk of physical impact with the runaway caboose. His sole argument is that the fact that he *intended* to place himself in such a position is sufficient under the FELA. We disagree. The zone of danger is a location in which the plaintiff is at "immediate risk of physical harm." *Id.* at ___, 114 S Ct at 2406. It is not a state of mind. The undisputed facts are that, when the caboose rolled by the crossing, plaintiff was safely restrained inside the foreman's truck. He was at no time at immediate risk of physical impact with the caboose. Consequently, the trial court erred in concluding that plaintiff was within the zone of danger and in entering judgment for plaintiff.

Reversed.