On respondents' motion to dismiss filed October 23, 1991, motion allowed; appeal dismissed; cross-appeal dismissed November 25, 1992, reconsideration denied January 27, petition for review denied February 23, 1993 (315 Or 442)

In the Matter of the Arbitration between

Richard W. MARR,
Judy Marr and The Phyllis G. Marr
Family Fund Trust,
*Respondents - Cross-Appellants,*

*v.*

SMITH BARNEY, HARRIS UPHAM
& COMPANY, INC.,
a Delaware Corporation;
Robert Reynolds; Edward D. Jones & Co.,
a Missouri Limited Partnership;
and Clinton H. Bellows,
*Appellants - Cross-Respondents.*

(Multnomah County Circuit Court No. 9106-03933;
CA A71331)

842 P2d 801

Jerome E. LaBarre and LaBarre & Associates, Portland, for the motion.

Thomas A. Balmer and Ater Wynne Hewitt Dodson & Skerritt, Portland, *contra*.

Before Rossman, Presiding Judge, and Joseph, Chief Judge, and De Muniz, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Respondents (the Marrs) petitioned the trial court for an order compelling the appellant brokers to arbitrate[1] the Marrs' state law claims[2] pursuant to clause 10 in the parties' brokerage contract.[3] The parties had already been in arbitration before NASD regarding other claims, and a federal court had entered a stay of that arbitration.[4]

The court denied the Marrs' request to replace the arbitrators, and it ordered the arbitrators to determine whether the Marrs' first claim for relief "states a cause of action that would either be eligible under NASD regulations, or is a claim not barred by [the] statute of limitations of this state." The order provides that, if the arbitrators should conclude that the claim is eligible or is not time-barred, "then

---

[1] ORS 36.310 (*former* ORS 33.230) provides in part:

"A party aggrieved by the failure, neglect or refusal of another to perform under a contract or submission providing for arbitration, described in ORS 36.305, shall petition the circuit court, or a judge thereof, for an order directing that the arbitration proceed in the manner provided for in the contract or submission. * * * The court or judge shall hear the parties, and if satisfied that the making of the contract or submission or the failure to comply therewith is not an issue, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the contract or submission."

[2] They asked the court to compel arbitration of their claims for "1) unsuitability, and 2) breach of fiduciary duty." They also asked the court to remove the existing panel of National Association of Securities Dealers (NASD) arbitrators.

[3] That clause provides:

"The undersigned agrees, and by carrying an account for the undersigned you agree, that all controversies which may arise between us concerning any transaction or the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration before the New York Stock Exchange, Inc., or arbitration facility provided by any other exchange or The [*sic*] National Association of Securities Dealers, Inc., and in accordance with its rules then obtaining. The undersigned may elect in the first instance whether arbitration shall be by the New York Stock Exchange, Inc., or other exchange or market facility, but if the undersigned fails to make such election, by registered letter or telegram addressed to you at your main office before the expiration of five days after receipt of a written request from you to make such election, then you may make such election. Nothing contained herein shall require the undersigned to submit to arbitration any claim that may validly exist under federal securities laws. The award of the arbitrator, or of the majority of them, shall be final, and judgment upon the award may be entered in any court, state or federal, having jurisdiction."

[4] Nothing in the appellate file discloses why the federal court stayed the proceedings. Presumably, the stay is pending resolution of the arbitrability of the state claims.

the matter shall be arbitrated by NASD." If the arbitrators should conclude otherwise, then "the matter may be dismissed according to [NASD] arbitration rules."[5]

The brokers appeal. The Marrs cross-appeal and have moved for summary determination of appealability and to dismiss the appeal. We allow the motion to dismiss.

The Marrs argue that state law governs procedure and, therefore, controls appeals from state court orders, even if the United States Arbitration Act, 9 USC §§ 1 *et seq*, controls substantive issues. They cite *Peter Kiewit v. Port of Portland*, 291 Or 49, 628 P2d 720 (1981), and *Austin Mutual Ins. Co. v. Madril*, 94 Or App 219, 764 P2d 1378 (1988), for the proposition that, under Oregon law, only a final judgment entered on an arbitration award is appealable.[6] The brokers argue that, because the parties' contract is one that involves interstate commerce, the federal act controls. They contend that the distinction between procedural and substantive law is not helpful and that, even if state law governs the procedure for taking an appeal, federal law governs questions of appealability. They assert that "[t]he right to appeal [from a final decision] is now * * * a right granted by Congress." They also argue that, even if state law governs, the order is appealable under ORS 19.010(2)(a), because it is "[a]n order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein." They assert that the order concludes the action, because nothing remains to be decided and "[t]here will be no 'judgment' or 'decree' in the case."[7]

The brokers are correct that federal law preempts any conflicting state law that affects their substantive rights

<hr>

[5] We do not claim to understand why the arbitration can proceed if the arbitrators find that *either*, and not both, of those conditions are met, but that mystery has no apparent bearing on the issue presented by the motion to dismiss this appeal.

[6] They argue in the alternative that, although the petition sought relief under both federal and state law, this court should deem the petition to have been brought under state law only. We need not reach that question.

[7] They also advance a policy argument that permitting an appeal from orders compelling arbitration would promote efficient use of resources because, whatever the arbitration panel decides, the brokers will raise the arbitrability issue again in the trial court when the parties seek to confirm or set aside the arbitration award. That is, however, a policy question for the legislature, not the courts.

on the arbitrability issue, but they are wrong about the appealability of the order. Under Oregon law, the order is not appealable. When a question is purely procedural and does not affect or limit the substance of a federal right, the forum state is free to apply its own law. *Nutbrown v. Munn,* 311 Or 328, 811 P2d 131 (1991), *cert den* ___ US ___ (112 S Ct 867) (1992); *Geris v. Burlington Northern, Inc.,* 277 Or 381, 383, 561 P2d 174 (1977); *Hust v. Moore-McCormick Lines, Inc.,* 180 Or 409, 415, 177 P2d 429 (1947). In general, the forum state applies its own conflicts of law rules to determine whether the question is one of substance or procedure. *Hust v. Moore-McCormick Lines, supra,* 180 Or at 424. However, a state cannot apply its own law to limit the rights that a party has under a federal claim, even when that claim is asserted in a state court. *Rogers v. Saylor,* 306 Or 267, 284, 760 P2d 232 (1988). Therefore, our decision on the motion turns on whether applying Oregon law to dismiss the appeal would deny the brokers a right granted them by federal law.

In 1988, Congress added section 16 to title 9 of the United States Code as part of the Judicial Improvements and Access to Justice Act. The goal that Congress sought to achieve is to minimize delays caused by appellate court involvement in arbitration proceedings. Its Judiciary Committee reported to the House of Representatives, in part:

"In that section, interlocutory appeals are provided for when a trial court rejects a contention that a dispute is arbitrable under an agreement of the parties and instead requires the parties to litigate. In contrast, interlocutory appeals are specifically prohibited * * * when the trial court finds that the parties have agreed to arbitrate and that the dispute comes within the arbitration agreement." House Report (Judiciary Committee) No. 100-889, August 26, 1988, 7 US Code Cong & Adm News 5997 (1988).

Although that statement undoubtedly expresses the goal, the statute itself falls a little short of fully accomplishing the result. It provides:

"(a)  An appeal may be taken from—

"(1)  an order—

"(A)  refusing a stay of any action under section 3 of this title,

"(B)   denying a petition under section 4 of this title to order arbitration to proceed,

"(C)   denying an application under section 206 of this title to compel arbitration,

"(D)   confirming or denying confirmation of an award or partial award, or

"(E)   modifying, correcting, or vacating an award;

"(2)   an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

"(3)   a final decision with respect to an arbitration that is subject to this title.

"(b)   Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—

"(1)   granting a stay of any action under section 3 of this title;

"(2)   directing arbitration to proceed under section 4 of this title;

"(3)   compelling arbitration under section 206 of this title; or

"(4)   refusing to enjoin an arbitration that is subject to this title." 9 USC § 16.

A party can seek to compel arbitration of a dispute incidentally to a pending action or as an independent proceeding. The first situation is sometimes called an "embedded proceeding." It typically arises as a response to a plaintiff who seeks to litigate claims governed by an arbitration agreement. Section 16 seems to govern all of the possible orders in an embedded proceeding. It bars appeals from orders that favor arbitration and permits appeals from orders that favor litigation. After arbitration on the merits, the party who opposed arbitration in the embedded proceeding can raise the issue of arbitrability in an appeal from an order confirming or denying confirmation of an arbitration award under subsection (1)(D).

In contrast, an independent proceeding in a federal court brought solely to compel specific performance of an agreement to arbitrate results in an order that is "a final decision with respect to an arbitration that is subject to this

title" and is appealable under 9 USC § 16(a)(3). *Thomson McKinnon Securities, Inc. v. Salter*, 873 F2d 1397 (11th Cir 1989); *see also Apollo Computer, Inc. v. Berg*, 886 F2d 469 (1st Cir 1989).

In either type of proceeding *in federal court*, no judgment is entered on an arbitration award, unless "the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 USC § 9. Oregon arbitration law is different. Although it appears that ORS 36.310 (*former* ORS 33.230) would permit a person to seek an order to compel arbitration either incidentally to a pending action or as an independent proceeding, the ultimate outcome in any event will be a judgment based on the arbitration award. ORS 36.365 provides:

> "Whenever no objection is made to the entering of judgment after award, judgment *shall be* entered according to the award and shall have the force and effect of a judgment obtained in the circuit court after default. Whenever any judgment is entered after objection on the part of any party by the order of such court, such judgment shall be subject to appeal to the higher courts in the manner provided by law for taking appeals to such courts. The right to except to or review an award or to appeal from a judgment thereon shall not be circumscribed or abridged by any contractual provision; nor shall any burden or penalty, other than such as are provided by law, be imposed by anyone against any party who excepts or appeals." (Emphasis supplied.)

Therefore, the brokers are wrong in their assertion that nothing remains to be decided and that there will never be a judgment in the case.

Although federal law provides that a party has a right to appeal an order compelling arbitration in an independent proceeding, federal case law suggests that the timing of exercise of the right is procedural rather than substantive in nature. *See, e.g., Pacific Reinsurance v. Ohio Reinsurance*, 935 F2d 1019, 1022 (9th Cir 1991); *Nichols v. Stapleton*, 877 F2d 1401, 1403 (9th Cir 1989). Moreover, legislative history and the sense of the statutory scheme indicate that Congress intended to prevent *interlocutory* appeals from orders that favor arbitration over litigation. It is merely a procedural happenstance that, had the federal trial court entered the

order that the state court entered, it would have been a final decision insofar as whether it is appealable is concerned. The object that Congress sought to achieve is simply that the aggrieved party have a right to appeal at some time. The brokers will be able to appeal the arbitrability decision when judgment is entered on the arbitration award in the state proceeding. Therefore, state procedure cannot and will not deprive brokers of any substantive federal right.

Motion allowed; appeal dismissed; cross-appeal dismissed.