[No. A095772. First Dist., Div. Three. June 28, 2002.]

ROY MUAO, Plaintiff and Appellant, v.
GROSVENOR PROPERTIES, LTD. et al., Defendants and Respondents.

**COUNSEL**

Clancey, Doyle & O'Donnell and Daniel G. O'Donnell for Plaintiff and Appellant.

Cook and Roos, Susan H. Roos and Matthew A. Goodin for Defendants and Respondents.

**OPINION**

**PARRILLI, J.**—Roy Muao appeals from an order granting defendants' petition to compel arbitration and dismissing his action for wrongful termination.[1] In his briefs, he challenges only that part of the order directing arbitration. Defendants move to dismiss the appeal because Muao's appellate claim is not reviewable at this time. We conclude that under California law, the appeal must be dismissed as premature. Additionally, we reject Muao's argument that review of the arbitration order is permissible at this time under section 16(a)(3) of the Federal Arbitration Act. (9 U.S.C. § 16(a)(3).) However, to correct the erroneous dismissal of the action, we remand the matter to the trial court to vacate the dismissal and to dispose of defendants' motion for a stay of the action pending arbitration.

### FACTUAL AND PROCEDURAL BACKGROUND

Muao sued his employer, Grosvenor Properties, Ltd., and certain current and former employees of the company (hereafter referred to collectively as Grosvenor), seeking money damages based on a claim of wrongful termination.

In lieu of an answer, Grosvenor petitioned to compel arbitration of Muao's claims under sections 1281.2 and 1281.7 of the Code of Civil

---

[1]In his notice of appeal, Muao refers to the order by its label, "Order Compelling Arbitration" and there is no specific mention of the provision dismissing the action. In the absence of prejudice to Grosvenor, we deem the notice of appeal to include the provision dismissing Muao's action. (Cal. Rules of Court, rule 1(a)(2); cf. *Holden v. California Emp. etc. Com.* (1950) 101 Cal.App.2d 427, 430 [225 P.2d 634].)

Procedure[2] and moved to stay the action pursuant to section 1281.4. The request for arbitration was based on a written agreement signed by Muao, which provided for arbitration of all claims arising from Muao's employment with the company, excluding claims of workers' compensation, unemployment insurance, and any matter within the jurisdiction of the California Labor Commissioner.

Muao opposed the petition to compel arbitration, arguing that the arbitration agreement was procedurally and substantively unconscionable, and against public policy. Additionally, Muao argued he had been coerced into signing the agreement. In reply, Grosvenor argued Muao had not established that the agreement violated public policy or was unconscionable, or that the circumstances under which he signed the agreement were oppressive.

After argument, the trial court granted Grosvenor's petition to compel arbitration, but severed a provision requiring Muao to pay his own attorney's fees. At the conclusion of the hearing, the trial court asked Grosvenor's counsel, "[I]s there any reason I shouldn't dismiss this or stay it? I mean, [the proposed order] provide[s] for dismissal here." Grosvenor's counsel replied, "There is nothing left." The court then filed an order dated May 23, 2001, which provided: "It Is HEREBY ORDERED that [Muao's] claims are all subject to a valid, enforceable and irrevocable arbitration agreement. Accordingly, the Court grants [Grosvenor's] petition to compel arbitration, provided that the provision in the arbitration agreement stating that each side bear its own attorneys fees is stricken. Therefore, the above-referenced matter is dismissed." This appeal ensued.

## DISCUSSION

### 1. Under California Law, the Order Compelling Arbitration Is Not Appealable at This Time

Section 1294 lists the orders and judgments that are appealable in judicial proceedings to enforce arbitration agreements.[3] ▇ "[A]n order directing arbitration, not being one of those orders listed in section 1294 . . . , is not appealable." (*Laufman v. Hall-Mack Co.* (1963) 215 Cal.App.2d 87, 88 [29 Cal.Rptr. 829, 94 A.L.R.2d 1068].) Such an order is reviewed on appeal

---

[2]All further unspecified statutory references are to the Code of Civil Procedure.

[3]Section 1294 provides: "An aggrieved party may appeal from: [¶] (a) An order dismissing or denying a petition to compel arbitration. [¶] (b) An order dismissing a petition to confirm, correct, or vacate an award. [¶] (c) An order vacating an award unless a rehearing in arbitration is ordered. [¶] (d) A judgment entered pursuant to this title. [¶] (e) A special order after final judgment."

from the judgment entered after the arbitration is completed or in exceptional circumstances, not present here, by writ of mandate. (*Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1454 [9 Cal.Rptr.2d 862].) Because no judgment has been entered on an arbitration award, the order compelling arbitration is not reviewable at this time.

Muao argues, however, that we may review the order compelling arbitration at this juncture because the order includes a provision dismissing his action at law. It is true, as Muao notes, that the dismissal of the action is deemed a final judgment (§ 581d) and therefore appealable under section 904.1. However, section 906 provides, in relevant part, that "[u]pon an appeal pursuant to 904.1 . . . , the reviewing court may review" only an "intermediate . . . order . . . which involves the merits or necessarily affects the judgment . . . appealed from or which substantially affects the rights of a party. . . ." Here, the trial court's order resolved two separate proceedings before it: Muao's action at law and Grosvenor's petition under section 1281.2, "which is in essence a suit in equity to compel specific performance of the arbitration agreement. . . ." (*Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790, 1795 [13 Cal.Rptr.2d 678], fn. and citation omitted, declined to extend on another issue by *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 982, fn. 14 [64 Cal.Rptr.2d 843, 938 P.2d 903] (*Brock*).) "[T]he fate of the action at law has no direct effect on the *contractual* arbitration proceedings." (*Brock*, at p. 1793.) That Grosvenor filed the petition to compel arbitration in lieu of an answer "does not mean . . . that the arbitration is a subsidiary proceeding which necessarily falls within the paramount legal action. . . . [W]hen no legal action has been filed, a petition to compel arbitration may nevertheless be filed. (§ 1281.2.)" (*Id.* at p. 1799, fn. 7.) The trial court "retains a separate, limited jurisdiction over the contractual arbitration which was the subject of the section 1281.2 petition: 'After a petition has been filed *under this title* [i.e., "title 9" (§§ 1280-1294.2)], the court in which such petition was filed retains jurisdiction to determine *any subsequent petition* involving the same agreement to arbitrate and the same controversy, and *any such subsequent petition* shall be filed in the same proceeding.' (§ 1292.6.)" (*Id.* at p. 1796, italics added.) Thus, the order compelling arbitration cannot be said to involve the merits nor does it necessarily affect the order of dismissal of the action at law. (§ 906.) Additionally, requiring the parties to proceed to arbitration at this time does not "substantially affect[]" Muao's rights. (§ 906; *Laufman v. Hall-Mack Co., supra,* 215 Cal.App.2d 87, 89.) Muao may prevail at the arbitration proceeding. If he loses, he can challenge the order compelling arbitration on appeal from any judgment entered on the arbitration award. (§§ 1294, 1294.2; *Laufman v. Hall-Mack Co., supra,* at pp. 89-90.)

## 2. Section 16 of the Federal Arbitration Act Does Not Govern the Appealability of the Order Compelling Arbitration in This State Court Proceeding

█  As an alternative basis for invoking our appellate jurisdiction at this time, Muao argues that because the Federal Arbitration Act (FAA) governs the arbitration proceeding, an immediate appeal of the order compelling arbitration is permitted under section 16(a)(3) of the FAA. (9 U.S.C. § 16(a)(3).) We disagree.

It is not disputed that this arbitration proceeding is governed by the FAA; and that had the trial court's order been issued by a federal court, the order compelling arbitration would be immediately appealable as "a final decision with respect to an arbitration" under section 16(a)(3) of the FAA. (*Green Tree Financial Corp.-Ala. v. Randolph* (2000) 531 U.S. 79, 84-89 [121 S.Ct. 513, 518-521, 148 L.Ed.2d 373] (*Green Tree*).)[4] *Green Tree*, however, does not address the applicability of its holding to state court proceedings governed by the FAA. Therefore, we are not bound to follow *Green Tree*'s "federal construction" of what constitutes a " 'final decision' " under section 16 of the FAA for purposes of determining the applicability of that section to this state court proceeding. (*Johnson v. Fankell* (1997) 520 U.S. 911, 916 [117 S.Ct. 1800, 1803, 138 L.Ed.2d 108].)

While our courts have not explicitly addressed the applicability of section 16 of the FAA to state court proceedings in California, we do not write on an entirely clean slate. Our Supreme Court and the Court of Appeal, Second

---

[4]In *Green Tree*, Larketta Randolph sued Green Tree Financial Corporation and its subsidiary (hereafter referred to collectively as Green Tree) for violations of the federal Truth in Lending Act and the Equal Credit Opportunity Act in federal district court. (*Green Tree, supra*, 531 U.S. at pp. 82-83 [121 S.Ct. at pp. 517-518].) "In lieu of an answer, [Green Tree] filed a motion to compel arbitration, to stay the action, or, in the alternative, to dismiss. The District Court granted [Green Tree's] motion to compel arbitration, denied the motion to stay, and dismissed Randolph's claims with prejudice." (*Id.* at p. 83 [121 S.Ct. at p. 518].) The Supreme Court reviewed the order compelling arbitration, holding that "where . . . the District Court has ordered the parties to proceed to arbitration, and dismissed all the claims before it, that decision is 'final' within the meaning of [section] 16(a)(3) [of the FAA], and therefore appealable." (*Id.* at p. 89 [121 S.Ct. at p. 521].) The court noted, however, that "[h]ad the District Court entered a stay instead of a dismissal in this case, that order would not be appealable. 9 U. S. C. § 16(b)(1). The question whether the District Court should have taken that course is not before us, and we do not address it." (*Id.* at p. 87, fn. 2 [121 S.Ct. at p. 520].) Here, as discussed in part 3, *post*, we determine that the trial court erred in dismissing Muao's action at law and we remand the matter for a proper disposition of Grosvenor's motion for a stay of the action pending arbitration. But for purposes of determining whether section 16(a)(3) of FAA, as interpreted in *Green Tree*, applies to this state court proceeding, we consider the order as issued by the trial court, namely, compelling arbitration and dismissing all the claims in Muao's action at law.

District, Division Five have addressed the applicability of other sections of the FAA to state court proceedings. (See *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 405-410 [58 Cal.Rptr.2d 875, 926 P.2d 1061] (*Rosenthal*) [§ 4 of the FAA]; *Siegel v. Prudential Ins. Co.* (1998) 67 Cal.App.4th 1270, 1272-1291 [79 Cal.Rptr.2d 726] [§§ 10 and 12 of the FAA].) In those cases, the courts determined that our state procedural rules regarding the use of summary procedures to determine petitions to compel arbitration (§§ 1281.2, 1290.2) and judicial review of an arbitration award (§ 1286.2) are not preempted by the procedural rules in FAA's sections 4 (jury trial to determine petition to compel arbitration), 10 (grounds for vacating an award) and 12 (procedure for motion to vacate award). (*Rosenthal, supra,* at pp. 405-410; *Siegel v. Prudential Ins. Co., supra,* at pp. 1272-1291.) Additionally, before *Green Tree,* other states with appellate rules similar to ours have held that their state rule, which postponed an appeal of an order compelling arbitration until completion of arbitration, governed in their state court proceedings subject to the FAA even though the order under review would have been immediately appealable under section 16 of the act had the proceeding been in federal court. (See *Weston Sec. Corp. v. Aykanian* (1998) 46 Mass.App. 72, 74-78 [703 N.E.2d 1185, 1187-1190], review den. (1999) 429 Mass. 1107 [710 N.E.2d 604]; *Marr v. Smith Barney, Harris Upham & Co.* (1992) 116 Or.App. 517, 520-524 [842 P.2d 801, 802-805], review den. (1993) 315 Or. 442 [847 P.2d 409].)

We acknowledge that section 16 of the FAA[5] does not by its express language limit its application to federal cases.[6] More importantly for our analysis, it does not explicitly state that it governs state court proceedings.

---

[5]Section 16 of the FAA provides: "(a) An appeal may be taken from — [¶] (1) an order— [¶] (A) refusing a stay of any action under section 3 of this title, [¶] (B) denying a petition under section 4 of this title to order arbitration to proceed, [¶] (C) denying an application under section 206 of this title to compel arbitration, [¶] (D) confirming or denying confirmation of an award or partial award, or [¶] (E) modifying, correcting, or vacating an award; [¶] (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or [¶] (3) a final decision with respect to an arbitration that is subject to this title. [¶] (b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order— [¶] (1) granting a stay of any action under section 3 of this title; [¶] (2) directing arbitration to proceed under section 4 of this title; [¶] (3) compelling arbitration under section 206 of this title; or [¶] (4) refusing to enjoin an arbitration that is subject to this title."

[6]However, the legislative history of section 16 of the FAA indicates that Congress intended the provision to apply only to federal court proceedings. "Before [section] 16 was adopted in 1988, [appeals were] governed by the same statutes that govern appeals in general in federal practice: [Sections] 1291 and 1292(a) of Title 28 of the U.S.Code." (Historical and Statutory Notes, 9 West's U.S.C.A. (1999 ed.) foll. § 16, p. 496.) Section 16 was enacted as part of the 1988 Judicial Improvements and Access to Justice Act, dealing with improving "the *Federal* judiciary." (H.R.Rep. No. 100-889, 2d Sess. (1988), reprinted in 1988 U.S. Code Cong. & Admin. News, pp. 5982, 6027, italics added.) When section 16 was renumbered in 1990, the renumbering provision was one of "a limited number of miscellaneous provisions relating to

Additionally, at issue is not a federal substantive right to appeal, but only the procedural matter of "the *timing* of the exercise of the right of appeal from an order compelling arbitration." (*Weston Sec. Corp. v. Aykanian, supra,* 46 Mass.App. at p. 76 [703 N.E.2d 1185, at p. 1189].) Therefore, "[l]ike other federal procedural rules," section 16 of the FAA is not binding on our state court proceedings, " '*provided applicable state procedures do not defeat the rights granted by Congress.*' [Citation.]." (*Rosenthal, supra,* 14 Cal.4th at p. 409, italics in original; see *Volt Info. Sciences v. Leland Stanford Jr. U.* (1989) 489 U.S. 468, 479 [109 S.Ct. 1248, 1255, 103 L.Ed.2d 488] [FAA does not "prevent[] the enforcement of agreements to arbitrate under different rules than those set forth in the Act itself"].)

Contrary to Muao's contention, the timing of the appeal of the order compelling arbitration does not "stand ' " 'as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' " ' [Citation.]" (*Rosenthal, supra,* 14 Cal.4th at p. 409.) "The object that Congress sought to achieve [by enacting section 16 of the FAA] is simply that the aggrieved party ha[s] a right to appeal at some time." (*Marr v. Smith Barney, Harris Upham & Co., supra,* 116 Or.App. at p. 524 [842 P.2d at p. 804].) As we have noted, Muao will have the opportunity to challenge the order compelling arbitration on appeal from the judgment entered on the arbitration award. (§§ 1293, 1294, 1294.2; *Laufman v. Hall-Mack Co., supra,* 215 Cal.App.2d at pp. 89-90.) Concededly, section 16(a)(3) of the FAA, as interpreted by the United States Supreme Court, "preserves immediate appeal of any 'final decision with respect to an arbitration,' regardless of whether the decision is favorable or hostile to arbitration." (*Green Tree, supra,* 531 U.S. at p. 86 [121 S.Ct. at p. 519].) Nevertheless, our state court procedure is consistent with the overall purpose of the FAA to encourage, rather than discourage, the use of arbitration, and "is even more encouraging of the use of arbitration than is the federal procedure." (*Laufman v. Hall-Mack Co., supra,* 215 Cal.App.2d at p. 89 [§ 1294, requiring dismissal of appeal from order directing arbitration, not preempted by National Labor Relations Act, which would permit immediate appeal of order had proceeding been in federal court]; see also *Rosenthal, supra,* 14 Cal.4th at p. 409, fn. 7.) Further, the postponement of this appeal until after entry of judgment after arbitration is "neutral as between state and federal law claims" and will not " 'frequently and predictably produce different outcomes'. . ." involving the ultimate resolution of the case. (*Rosenthal, supra,* 14 Cal.4th at p. 409, citations omitted; see *Johnson v. Fankell, supra,* 520 U.S. at p. 921 [117 S.Ct. at p. 1806].) We therefore conclude that section 16(a)(3) of the FAA

the organization and administration of the *Federal* courts." (H.R.Rep. No. 101-734, 2d Sess. (1990), reprinted in 1990 U.S. Code Cong. & Admin. News, pp. 6860, 6862, italics added.)

does not allow us to now review Muao's substantive challenge to the order compelling arbitration.

### 3. *Trial Court's Erroneous Dismissal of Action Requires Remand to Trial Court to Vacate Dismissal and for Entry of Proper Disposition of Grosvenor's Motion for Stay of Action Pending Arbitration*

No appeal would have been attempted if the trial court had not dismissed Muao's action at law. ■ Grosvenor initially sought the proper relief from Muao's action at law by petitioning to compel arbitration and moving to stay the action at law pending arbitration. (§§ 1281.2, 1281.7, 1281.4; *Brock, supra,* 10 Cal.App.4th at pp. 1795-1796.) That Grosvenor thereafter incorrectly requested, and the trial court granted, dismissal of the action at law does not provide a basis for reviewing the order compelling arbitration at this time. Section 906 permits us to "reverse or modify any judgment or order appealed from and . . . direct the proper judgment or order to be entered." Therefore, we exercise our jurisdiction to correct the erroneous dismissal of the action by remanding the matter to the trial court with directions to vacate the dismissal and enter an order granting Grosvenor's motion to stay the action pending arbitration.

#### DISPOSITION

The appeal from the order compelling arbitration is dismissed as premature. The matter is remanded and the trial court shall (1) modify the May 23, 2001 order by striking the sentence, "Therefore, the above-referenced matter is dismissed," and (2) enter an order granting defendants' motion to stay the action pending arbitration. Each side is to bear its own costs on appeal.

McGuiness, P. J., and Pollak, J., concurred.