**Jean FONDEN, Plaintiff–Appellant,**

v.

**U.S. HOME CORPORATION,
Defendant–Appellee.**

No. 02CA1827.

Colorado Court of Appeals,
Div. II.

Oct. 9, 2003.

Certiorari Denied March 15, 2004.

 

## I. Background

In September 2000, Fonden contracted to purchase real property from USH and to have USH construct a home on it. The contract includes an arbitration clause that states in relevant part: (1) the transaction involved interstate commerce; (2) any dispute would be submitted to mediation; (3) if not settled during mediation, it would be submitted to binding arbitration as provided by the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq., (2003), "or if inapplicable, by similar state statute, and not by or in a court of law"; and (4) the arbitrator would decide the arbitrability of any dispute.

Fonden later discovered alleged defects in the home and filed this action to rescind the contract or recover damages. She alleged USH fraudulently concealed from her certain information regarding construction of the home and "wrongfully induc[ed][her] to close on the property." She also alleged breach of contract, breach of implied warranty, and violations of the Colorado Consumer Protection Act, § 6–1–101, et seq., C.R.S.2002.

USH then moved to compel arbitration and to stay the proceedings under the FAA. The trial court granted the motion, and Fonden filed a notice of appeal.

USH moved to dismiss the appeal, contending the order appealed was an interlocutory order and was not subject to appeal. A panel of this court denied the motion, but granted USH leave to renew the argument in its answer brief.

## II. Subject Matter Jurisdiction

USH contends this court lacks subject matter jurisdiction because the trial court's order granting USH's motion to compel arbitration was an interlocutory order and not subject to appeal. We agree.

### A. No Requirement of Cross–Appeal

■ As a threshold matter, we reject Fonden's contention that USH was required to file a cross-appeal to raise this issue. The issue of subject matter jurisdiction may be addressed at any time. *Mission Viejo Co. v. Willows Water Dist.*, 818 P.2d 254 (Colo. 1991). Further, USH prevailed in the trial

Powers and Associates, LLC, William A. Powers, Littleton, Colorado, for Plaintiff–Appellant.

Fisher, Sweetbaum and Levin, P.C., Scott L. Levin, E. James Wilder, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge ROTHENBERG.

Plaintiff, Jean Fonden, appeals the order of the trial court granting the motion to compel arbitration made by defendant, U.S. Home Corporation (USH). We dismiss the appeal.

court on the arbitration issue and had no reason to cross-appeal.

In any event, an appellee such as USH may, without filing a notice of cross-appeal, raise arguments in support of a judgment that would not increase its rights under the judgment. *See United Air Lines, Inc. v. City & County of Denver,* 973 P.2d 647 (Colo. App.1998), *aff'd,* 992 P.2d 41 (Colo.2000).

## B. No Final Order

Fonden maintains that the FAA authorizes an appeal under these circumstances. We disagree.

The entry of a final judgment is usually a prerequisite to an appeal in this court, although we also may review interlocutory orders if authorized by a statute or rule. *See* § 13–4–102, C.R.S.2002; C.A.R. 1(a)(1); *J.P. Meyer Trucking & Constr., Inc. v. Colo. Sch. Dists. Self Ins. Pool,* 18 P.3d 198 (Colo.2001).

The FAA provides generally that written agreements to submit a controversy to arbitration are "valid, irrevocable, and enforceable," unless the contract is revocable in law or equity. 9 U.S.C. § 2. By enacting the FAA, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims that the contracting parties agreed to resolve by arbitration. *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984)(Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements).

The FAA applies when a written arbitration provision is included in "a contract evidencing a transaction involving commerce," 9 U.S.C. § 2, which in turn encompasses "commerce among the several States." 9 U.S.C. § 1. This statutory mandate coincides with Congress's power under the Interstate Commerce Clause and is applicable to the states. *See Southland Corp. v. Keating, supra; see also Grohn v. Sisters of Charity Health Servs. Colo.,* 960 P.2d 722 (Colo.App.1998).

Thus, if a contract is related to a transaction in interstate commerce, the FAA governs the enforcement of its arbitration provisions in both state and federal court. *Southland Corp. v. Keating, supra; 1745 Wazee LLC v. Castle Builders Inc.,* —— P.3d ——, 2003 WL 21665020 (Colo.App. Nos. 01CAC2560 & 02CA0303, July 17, 2003)(rejecting argument that Colorado Uniform Arbitration Act (CUAA), § 13–22–201, et seq., C.R.S.2002, governs where contract involved interstate commerce); *Grohn v. Sisters of Charity Health Servs. Colo., supra; Ayers v. Prudential–Bache Sec., Inc.,* 762 P.2d 743 (Colo.App.1988)(concluding transaction involved commerce and applying FAA).

Although the FAA preempts inconsistent state law, its preemptive effect is restricted to the question of arbitrability and whether the agreement to arbitrate is valid. *Southland Corp. v. Keating, supra* (FAA preempts state laws that require a judicial forum for the resolution of claims the contracting parties agreed to arbitrate); *Byerly v. Kirkpatrick Pettis Smith Polian,* 996 P.2d 771 (Colo.App.2000) (despite right to judicial forum under Colorado Wage Claim Act, § 8–4–101, C.R.S.2002, et seq., FAA preempts state law purporting to invalidate otherwise enforceable agreements to arbitrate).

Here, the arbitration provision in the parties' contract states that the transaction involved interstate commerce and that the FAA will apply, but if the FAA were "inapplicable," the "similar state statute" would apply. While Fonden disputes the validity of the contract, she asserts here—as she did in the trial court—that the FAA applies. Also, in her response to USH's motion to compel arbitration, she asserted that the contract "concerned matters involving commerce." USH also agrees the FAA applies to this action, although it urges that we apply state law to the procedural issue of finality.

We therefore conclude the FAA applies. *See Southland Corp. v. Keating, supra; 1745 Wazee LLC v. Castle Builders Inc., supra.*

This conclusion, however, does not end our inquiry because the FAA provides that an appeal "may *not* be taken from an interlocutory order" granting a stay of a legal action or compelling arbitration. 9 U.S.C. § 16(b)(1), (3) (emphasis added). The FAA further provides that upon referring a

case to arbitration, a court upon motion must stay the proceedings. 9 U.S.C. § 3.

Despite the language of the FAA that would seem to preclude her appeal, Fonden nevertheless contends the United States Supreme Court's decision in *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), requires a different result. We are not persuaded.

In *Green Tree*, the federal district court granted the defendants' motion to compel arbitration, but it denied their motion to stay the action and dismissed the plaintiff's claims with prejudice. When the plaintiffs appealed the order of dismissal, the defendants contended the district court's order was not a final decision and therefore not appealable.

The United States Supreme Court disagreed. It considered the meaning of the term "final decision with respect to an arbitration" as used in 9 U.S.C. § 16(a)(3). The Court concluded that although the FAA does not define the term "final decision," the term has a well-established meaning that should apply in the context of that act. *Green Tree Fin. Corp.-Ala. v. Randolph, supra,* 531 U.S at 86, 121 S.Ct. at 519.

The Supreme Court held that the district court's order dismissing the action was a final decision subject to appeal, and there was no longer a proceeding before the district court. The Court specifically noted, however, that if the district court had entered a stay instead of a dismissal, "that order would *not* be appealable." *Green Tree Fin. Corp.-Ala. v. Randolph, supra,* 531 U.S at 87, 121 S.Ct. at 520, n. 2 (emphasis added).

Here, the trial court granted USH's motion to stay the proceedings. Unlike in *Green Tree,* the court did not dismiss the case, and the record contains no suggestion that the parties or the court intended to dismiss it. Because there was no dismissal of Fonden's claims or other final decision regarding arbitration, we conclude *Green Tree* does not authorize this appeal. *See Banks v. City Fin. Co.,* 825 So.2d 642 (Miss.2002)(reaching similar conclusion).

We therefore conclude the trial court's order granting USH's motion to compel arbitration and staying the proceeding was not a final decision subject to appeal under the FAA. *See* 9 U.S.C. § 16(b)(3).

In so concluding, we recognize that appellate courts in other states have held various FAA procedural provisions inapplicable in state court. *See Rosenthal v. Great W. Fin. Sec. Corp.,* 14 Cal.4th 394, 926 P.2d 1061, 58 Cal.Rptr.2d 875 (1996). These courts have applied a different analysis when addressing the issue of finality for the purposes of appeal, concluding that the FAA's finality provision does not preempt the state's own procedural rules unless those rules defeat substantive rights granted by the FAA.

For example, in *Muao v. Grosvenor Properties Ltd.,* 99 Cal.App.4th 1085, 122 Cal. Rptr.2d 131 (2002), a state court action involving an arbitration clause, the court concluded that while the FAA governed the issue of arbitrability, it did not govern the procedural issue of finality for purposes of appeal. *See also Weston Sec. Corp. v. Aykanian,* 46 Mass.App.Ct. 72, 703 N.E.2d 1185 (1998); *Marr v. Smith Barney, Harris Upham & Co.,* 116 Or.App. 517, 842 P.2d 801 (1992).

In these cases, the states' procedures would require different results on the issue of finality than the FAA. Here, however, we conclude the trial court's order is not final for the purposes of appeal under either the FAA or the CUAA. *See* § 13–22–221(1), C.R.S. 2002; *Gergel v. High View Homes, L.L.C.,* 58 P.3d 1132 (Colo.App.2002). Thus, applying such an analysis would not change the result.

Given our conclusion that we lack jurisdiction over this appeal, we do not address the parties' remaining contentions.

USH's request for attorney fees incurred on appeal is denied.

Appeal dismissed.

Judge MARQUEZ and Judge GRAHAM, concur.