Filed 6/30/16  Landy v. Midway Rent a Car CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| EVAN LANDY, | B264640 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC503795) |
| v. | |
| MIDWAY RENT A CAR, INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Elihu M. Berle, Judge.  Dismissed.

Law Offices of Jennifer Hart, Jennifer L. Hart for Plaintiff and Appellant.

Molino & Berardino and Michelle Cooper for Defendant and Respondent.

_____

In this employment action, plaintiff Evan Landy filed a notice of appeal from an order compelling arbitration of all causes of action except the PAGA claims[1] (Lab. Code, § 2699 et seq.), which remain to be litigated after the arbitration is completed. Defendant Midway Rent a Car, Inc. argues the appeal must be dismissed for lack of an appealable order. We agree, and dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Landy is employed by Midway as a limousine driver. He filed a putative class action complaint against Midway on his own behalf and for 100 similarly situated employees in March 2013. According to the complaint, Landy and his fellow employees are required to perform work-related duties without benefit of statutory meal and rest periods, compensation in accordance with straight-time and overtime pay rates, or itemized wage statements.

In addition to six causes of action for Labor Code violations[2] and a seventh cause of action for unlawful business practices (Bus. & Prof. Code, § 17200), the operative

---

[1] PAGA is the acronym for Private Attorney General Act. Subdivision (a) of Labor Code section 2699 provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

"If, at the time of the alleged violation, the person employs one or more employees, the civil penal is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." (Lab. Code, § 2699, subd. (f)(2).) The prevailing employee is "entitled to an award of reasonable attorney's fees and costs." (*Id.* at subd. (g)(1).)

[2] The complaint alleged claims for failure to pay minimum wages (Lab. Code, § 1197; first cause of action); failure to pay overtime compensation (*id.* at §§ 510, 1194, 1198; second cause of action); failure to pay overtime compensation at lawful premium

pleading (first amended complaint) contains an eighth cause of action for civil penalties under the PAGA. Midway answered the operative complaint in September 2013, and the parties commenced class action discovery.

Eighteen months later, Midway sought to enforce an arbitration agreement contained in Landy's employment application. Landy refused to arbitrate his claims on an individual basis. Midway filed a petition to compel arbitration of the first amended complaint "on an individual basis, with the exception of the PAGA claims." Landy denied the existence of an agreement to arbitrate, and argued that any such agreement was unenforceable based on theories of waiver, collateral estoppel, and unreasonable delay.

In its April 20, 2015 order, the trial court granted the petition to compel arbitration of the first amended complaint on an individual basis, with the exception of the PAGA claims. The PAGA claims were severed and stayed pending completion of arbitration.

Landy filed a notice of appeal from the April 20, 2015 order, citing the "death knell" doctrine.[3] He does not mention the death knell doctrine in his opening brief. In its respondent's brief, Midway argues to dismiss the appeal, claiming an order compelling arbitration is not directly appealable, and, in light of the pending PAGA claims, does not constitute a death knell of the representative claims. (Citing *Munoz v. Chipotle Mexican Grill*, *Inc.* (2015) 238 Cal.App.4th 291, 294 (*Munoz*) [order denying class certification did not constitute death knell of representative claims in light of pending PAGA claims].) Landy did not file a reply brief. We set the matter for oral argument in May 2016, which was continued to the June calendar at the request of counsel, and, on May 24, 2016, sent

rate of pay (*id.* at §§ 510, 1198; third cause of action); failure to provide meal breaks (*id.* at § 226.7; fourth cause of action); denial of lawful rest breaks (*id.* at § 226.7; fifth cause of action); and failure to provide accurate itemized wage statements (*id.* at § 226; sixth cause of action).

[3] The term "death knell" refers an order that effectively terminates all class claims, such as an order denying class certification or decertifying a class. (See *Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758, 766 (*Phillips*).)

a letter informing the parties of our concern that the appeal, which was taken from a nonappealable order, must be dismissed.  We invited the parties to submit additional letter briefs on that issue.  We received a letter brief from Midway, arguing the appeal should be dismissed, but received no response from Landy.

## DISCUSSION

The issue whether a direct appeal lies from an order compelling arbitration is jurisdictional.  (*Vivid Video*, *Inc. v. Playboy Entertainment Group*, *Inc.* (2007) 147 Cal.App.4th 434, 440–441.)  If the order compelling arbitration is not appealable, the appeal must be dismissed; the law is settled that appellate jurisdiction may not be created by consent, waiver, or estoppel.  (*Ibid.*)

The right to appeal is statutory, and as to matters of arbitration, is governed by section 1294 of the Code of Civil Procedure.  (*Porter v. United Services Automobile Assn.* (2001) 90 Cal.App.4th 837, 839–840.)  That provision allows a direct appeal to be brought from an "order dismissing or denying a petition to compel arbitration" (Code Civ. Proc., § 1294, subd. (a)), but is silent as to orders compelling arbitration.

California courts have consistently held that no direct appeal may be taken from an order compelling arbitration, although the order is reviewable by writ or on appeal from a judgment entered after the arbitration is completed.  (See, e.g., *Garcia v. Superior Court* (2015) 236 Cal.App.4th 1138, 1149; *Marenco v. Direct TV LLC* (2015) 233 Cal.App.4th 1409, 1415; *Kinecta Alternative Financial Solutions, Inc. v. Superior Court* (2012) 205 Cal.App.4th 506, 513; *Muao v. Grosvenor Properties* (2002) 99 Cal.App.4th 1085, 1088–1089; *Reyes v. Macy's*, *Inc.* (2011) 202 Cal.App.4th 1119, 1122; *International Film Investors v. Arbitration Tribunal of Directors Guild* (1984) 152 Cal.App.3d 699, 703; *Laufman v. Hall-Mack* (1963) 215 Cal.App.2d 87, 88–89.)

The death knell doctrine permits a direct appeal to be taken from orders that amount to a de facto final judgment, or "that effectively terminate class claims, such as orders denying class certification or decertifying a class, while allowing individual claims to persist.  [Citations.]" (*Phillips*, *supra*, 209 Cal.App.4th at p. 766.)  The concern is that

4

denial of class certification may amount to a de facto final judgment for absent plaintiffs if the individual claims are so de minimis they are not likely to be reduced to judgment, thereby "foreclosing any possible appellate review of class issues." (*Marenco v. Direct TV LLC*, *supra*, 233 Cal.App.4th at p. 1415; *Munoz*, *supra*, 238 Cal.App.4th at pp. 311–312.)

In *Munoz*, *supra*, 238 Cal.App.4th 291, the plaintiff appealed from an order denying class certification under the death-knell doctrine. But the appellate court dismissed the appeal, concluding the potential PAGA penalties incentivized the plaintiff to continue with the litigation, thus eliminating any death-knell effect. (*Id.* at pp. 294, 309.)

The same rationale applies to this case. The PAGA claims were brought by Landy on behalf of 100 similarly situated employees, and, if successful, may result in penalties of $100 per employee per pay period for an initial violation, and $200 per employee per pay period for each subsequent violation, plus attorney fees and costs. (Lab. Code, § 2699, subds. (f)(2), (g)(1); see *Munoz*, *supra*, 238 Cal.App.4th at p. 309.) The potential PAGA penalties are not de minimis, and thus provide sufficient incentive to continue with the litigation, erasing any death knell effect of the order compelling arbitration. (See *Munoz*, *supra*, 238 Cal.App.4th at pp. 311–312; Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2015) ¶ 2:39:3, p. 2–29 [order denying class certification has no death knell effect if PAGA claims, "which are asserted on behalf of similarly aggrieved employees, remain to be decided"].) Because the death knell doctrine is inapplicable, the appeal taken from the interlocutory order compelling arbitration must be dismissed. (*Muao v. Grosvenor Properties*, *supra*, 99 Cal.App.4th at pp. 1088–1089 (*Muao*).)[4]

---

[4] We express no opinion as to the merits of plaintiff's substantive challenges to the order compelling arbitration. (See *Muao*, *supra*, at p. 1092.)

5

**DISPOSITION**

The appeal is dismissed.  Midway is entitled to costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.