Filed 12/12/25  Bhatt v. BMW of North America CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NISHITH BHATT,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>  Defendant and Respondent. | B333656<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV41734) |

APPEAL from judgment and orders of the Superior Court of Los Angeles County, Randolph Hammock, Judge.  Reversed and remanded with directions.

Knight Law Group, Radomir Roger Kirnos, Jeffery K. Mukai; Gupta Wessler, and Jennifer D. Bennett, for Plaintiff and Appellant.

Nelson, Mullins, Riley & Scarborough, Michael J. Hurvitz, and Ian G. Schuler, for Defendant and Respondent.

———————————

Plaintiff Nishith Bhatt appeals from a judgment confirming an arbitration award in favor of BMW North America, LLC (BMW). Bhatt specifically challenges an order granting BMW's motion to compel arbitration based on a contract to which BMW was not a party. We reverse the order compelling arbitration and the judgment and order confirming the arbitration award, and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Bhatt bought a used BMW from nonparty BMW/Mini of Monrovia (the Dealership). The sales contract between Bhatt and the Dealership included an arbitration clause. Through the sales contract, the Dealership expressly disclaimed any warranties covering the vehicle except for those separately provided in writing. The sales contract clarified that the disclaimer "does not affect any warranties covering the vehicle that the vehicle manufacturer may provide," including the implied warranty of merchantability.

In 2019, Bhatt filed a complaint alleging that BMW violated California's Song-Beverly Consumer Warranty Act (Song-Beverly) by breaching express warranties and the implied warranty of merchantability.[1] (Civ. Code, § 1790 et seq.)

In October 2020, the trial court granted BMW's motion to compel arbitration of Bhatt's claims. Although BMW is not a party to the sales contract between Bhatt and the Dealership, the court concluded that BMW could compel arbitration as a third party beneficiary of that contract. The court did not address

---

[1] The complaint also named as a defendant Del Montell Motors, Ltd., dba Santa Monica BMW, which is not a party to this appeal.

BMW's alternative argument that it was entitled to arbitrate under the doctrine of equitable estoppel.

In March 2023, the arbitrator denied Bhatt's claim. The trial court confirmed the arbitration award in August 2023. Bhatt timely appealed.[2]

## DISCUSSION

Bhatt argues that the trial court erred in allowing BMW to invoke the arbitration clause in Bhatt's sales contract with the Dealership because BMW was not a party to that contract. " 'Generally speaking, one must be a party to an arbitration agreement to be bound by it or invoke it.' [Citations.]" (*JSM Tuscany, LLC v. Superior Court* (2011) 193 Cal.App.4th 1222, 1236 (*JSM Tuscany*).) "[W]hether and to what extent nonsignatories to an arbitration agreement can enforce the arbitration provision is a question of law, which we review independently." (*Gamma Eta Chapter of Pi Kappa Alpha v. Helvey* (2020) 44 Cal.App.5th 1090, 1097.)

---

[2] Bhatt's October 2023 notice of appeal purported to appeal from the order confirming the arbitration award and the order granting BMW's motion to compel arbitration. Neither order is appealable. (Code Civ. Proc., § 1294; *Cooper v. Lavely & Singer Professional Corp.* (2014) 230 Cal.App.4th 1, 10; *Muao v. Grosvenor Properties, Ltd.* (2002) 99 Cal.App.4th 1085, 1088.) However, both orders may be challenged in an appeal from the subsequent judgment, which was entered on November 15, 2023. (*Muao*, at p. 1088.) Because BMW does not object to the appeal as premature, we treat it as filed immediately after the judgment. (Cal. Rules of Court, rule 8.104(d)(1) ["A notice of appeal filed after judgment is rendered but before it is entered is valid and is treated as filed immediately after entry of judgment."]; *Cooper*, at p. 10, fn. 3.)

In the trial court, BMW argued that it was entitled to enforce the arbitration clause as a third party beneficiary. BMW acknowledges that California courts have now rejected that theory in this context, and BMW has expressly abandoned the theory on appeal. (*Montemayor v. Ford Motor Co.* (2023) 92 Cal.App.5th 958, 973 [manufacturer was not third party beneficiary of sales contract].)

BMW also argued below that it was entitled to enforce the arbitration agreement under the doctrine of equitable estoppel, and it relies solely on this theory on appeal. Although the trial court did not address the merits of BMW's equitable estoppel argument, if the court's ruling was "correct upon any theory of law applicable to the case, the judgment will be sustained regardless of the considerations that moved the lower court to its conclusion." (*Belair v. Riverside County Flood Control Dist.* (1988) 47 Cal.3d 550, 568.)

Under the doctrine of equitable estoppel, "in limited circumstances, if a plaintiff sues a third party to assert a claim that is ' "intimately founded in and intertwined with" ' a contractual provision, that third party may move to compel arbitration of the claim even though that third party is a stranger to the contract." (*Ford Motor Warranty Cases* (2025) 17 Cal.5th 1122, 1126 (*Ford Motor Warranty Cases*).) " 'By relying on contract terms in a claim against a nonsignatory defendant, even if not exclusively, a plaintiff may be equitably estopped from repudiating the arbitration clause contained in that agreement.' " (*JSM Tuscany, supra*, 193 Cal.App.4th at p. 1237.)

Here, BMW argues that Bhatt must be estopped from litigating this dispute because Bhatt's Song-Beverly warranty claims rely on the sales contract, which contains an arbitration

clause.  Our Supreme Court recently rejected this very argument.[3]  As our high court explained, Song-Beverly warranty claims against vehicle manufacturers "do not depend on or invoke any of the terms of the sales agreements with the dealers, nor can they be construed to seek any benefit from those sales contracts." (*Ford Motor Warranty Cases*, *supra*, 17 Cal.5th at p. 1133.)  Rather, Song-Beverly "warranty claims 'arise from a statutory scheme separate and apart from the contracts.' [Citation.]  Under the Song-Beverly Act, '[u]nless disclaimed in the manner prescribed by this chapter, every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable.' (Civ. Code, § 1792.)  Manufacturers may also make express warranties, which trigger various statutory provisions covering notice and repair or replacement of nonconforming goods.  (See Civ. Code, § 1793 et seq.) . . . These obligations are not terms of the sales contracts themselves but are imposed by statute." (*Ford Motor Warranty Cases*, at pp. 1133–1134.)  Because Bhatt's Song-Beverly warranty claims arise from a statute and do not seek to enforce the sales contract, estoppel is "[i]napplicable." (*Id*. at p. 1133, italics omitted.)

The disclaimer in the sales contract further supports this conclusion.  In *Ford Motor Warranty Cases*, the sales contracts at

---

[3]     The Supreme Court's decision in *Ford Motor Warranty Cases* was published after BMW filed its respondent's brief.  However, BMW's briefing addressed the equitable estoppel issues discussed therein, including by attempting to distinguish the appellate court opinion in that case.  Thus, our ruling is not "based upon an issue which was not proposed or briefed" by the parties, and we need not offer BMW the opportunity to submit supplemental briefing.  (Gov. Code, § 68081.)

issue "expressly disclaim[ed] any dealer warranties while acknowledging potential manufacturer warranties." (*Ford Motor Warranty Cases*, *supra*, 17 Cal.5th at p. 1136.)  Our high court reasoned that this disclaimer " ' "demonstrate[d] an intent to distinguish and distance the dealership's purchase agreement from any warranty that [the manufacturer] 'may' provide." ' " (*Ibid*.)  The sales contract between Bhatt and the Dealership included a disclaimer that is identical to at least two disclaimers at issue in *Ford Motor Warranty Cases*.[4]  The disclaimer therefore reflects that Bhatt and the Dealership intended to distinguish the sales contract from any manufacturer warranty, and bolsters the conclusion that Bhatt may bring a Song-Beverly claim based on a manufacturer warranty without implicating the sales contract.[5]

BMW nonetheless contends that Bhatt must be estopped from litigating his express warranty claim because it is based on

---

[4]     We grant Bhatt's unopposed request for judicial notice of excerpts of the record on appeal in *Ford Motor Warranty Cases* (2023) 89 Cal.App.5th 1324, affirmed *Ford Motor Warranty Cases* (2025) 17 Cal.5th 1122.  (Evid. Code, §§ 452, subd. (d), 459 [court may take judicial notice of California judicial records].)  The excerpts consist of sales contracts at issue in that case.

[5]     Bhatt also argues that BMW has not established the elements of ordinary equitable estoppel, and in particular the requirement that BMW establish detrimental reliance.  Our Supreme Court declined to reach a similar contention raised by the plaintiffs in *Ford Motor Warranty Cases*.  Following our high court, "[i]n light of our resolution here, we need not, and do not," address Bhatt's argument.  (*Ford Motor Warranty Cases*, 17 Cal.5th at p. 1133, fn. 4.)

a certified preowned vehicle warranty (CPOW).[6]  According to BMW, the CPOW was part of a Buyer's Guide, and the Buyer's Guide stated that the information therein would be " 'part of any contract to buy this vehicle.' "  BMW therefore contends that the sales contract is incorporated into the CPOW, and that any claim based on the CPOW is necessarily based on the sales contract.  However, as BMW concedes, neither the CPOW nor the Buyer's Guide are part of the record on appeal.  "If evidence supporting respondent's claim is not in the record, then it is not in the record, and we cannot rely on nonexistent evidence to affirm . . . ."  (*Nicholls v. Holiday Panay Marina, L.P.* (2009) 173 Cal.App.4th 966, 975.)

We reject BMW's invitation to rely on descriptions of the Buyer's Guide in its motion to compel arbitration.  " '[I]t is axiomatic that statements made in briefs are not evidence . . . .' " (*Turrieta v. Lyft, Inc.* (2024) 16 Cal.5th 664, 697.)  And even if we could accept these descriptions as true, BMW's briefing includes only limited excerpts of the relevant documents.  For a contract to incorporate the terms of another document, " ' "the reference

---

[6]      Bhatt's complaint includes a claim for the breach of an unidentified express warranty in violation of Song-Beverly.  According to BMW, Bhatt obtained two express warranties from BMW:  the CPOW and an express warranty based on the unexpired balance of the original owner's new vehicle limited warranty (NVLW).  BMW argues that Bhatt may not rely on the NVLW because he purchased the vehicle used, and under Song-Beverly, manufacturers are not liable for the sale of used products unless the manufacturer "issued a new warranty," such as the CPOW, "or played a substantial role in the sale of a used good."  (*Rodriguez v. FCA US LLC* (2024) 17 Cal.5th 189, 202.)  We assume without deciding that BMW's assertion is correct and that Bhatt's express warranty claim is based on the CPOW.

7

must be clear and unequivocal, the reference must be called to the attention of the other party and he must consent thereto, and the terms of the incorporated document must be known or easily available to the contracting parties." ' " (*Shaw v. Regents of University of California* (1997) 58 Cal.App.4th 44, 54.)  Without the complete Buyer's Guide and/or CPOW, we cannot determine whether these requirements are satisfied.

Applying our de novo standard of review, BMW has not identified any basis to allow it to compel arbitration of Bhatt's claims based on the sales contract.  The order compelling arbitration must be reversed.  In turn, the order and judgment confirming the arbitration award must also be reversed.

## DISPOSITION

The judgment and the orders granting BMW's motion to compel arbitration and confirming the arbitration award are reversed.  The matter is remanded for further proceedings.  Bhatt is awarded his costs on appeal.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

HANASONO, J.

We concur:

EGERTON, Acting P. J.

ADAMS, J.

9